## McKINLEY vs. WINSTON.

1. Courts of equity put the same construction on the statutes of set-off, in the absence of all intervening equities, as do the courts of law.

2. In an action to recover a debt due from the defendant to the plaintiff individually, the defendant cannot set off a debt due from the plaintiff to a firm in which they are both partners.

ERROR to the Chancery Court of Lauderdale. Tried before the Hon. D. G. Ligon.

PRYOR, for plaintiff in error.

ORMOND & NICHOLSON, contra.

DARGAN, C. J.—Winston brought a suit at law against McKinley to recover a debt due to him by McKinley individually. McKinley, by his original and amended bill, seeks to set off against this debt a demand due from Winston, as the bill alleges, to a company composed of McKinley and Winston, and several others. This is the object and substance of the bill, and we cannot doubt but it was properly dismissed; for, independent of all other objections, we think it clear that in the absence of all other intervening equities, one debt cannot be set off against another, unless they are *mutual debts ;* that is, debts due to and from the parties in the same right. Courts of equity put the same construction on the statutes of set off, as do courts of law, and if there is no equity going beyond the statutes, to entitle a party to have one debt set off against another, it must be shown that they are mutual debts, such as could be set off, the one against the other, under the statute at law, if the controversy were properly pending in that forum. In the case of Blagden, *ex parte*, (19 Ves. 465,) the petitioner was indebted to Hearn, a bankrupt, who was indebted to the wife of the petitioner before the marriage. The object of the petition was to set off the debt due to the wife, *dum sola*, against the debt owing by the husband to the bankrupt. The Chancellor said "it must be a strict set off at law, or a case of mutual debt or credit, but here is no pretence for a set off at law, nor is it a matter of set off in equity; for if the petitioner had sued alone, this court would have required the wife as a party." The same principle is fully

recognized by Judge Story, in his work upon Equity Jurisdiction, vol. 2, 657; see also Green v. Darling, 5 Mason 207–208; 11 Ves. 27. I deem it unnecessary to refer to authorities, to show that the debt due from Winston to the company of which the complainant was a member, could not be set off by him, against a debt he owed individually to Winston; and, as it is manifest that there is no equitable ground going beyond the statute of set off, that entitles the plaintiff to have this demand due by Winston to the company set off against the debt he owes to Winston, the bill was properly dismissed, and the decree must be affirmed.