## CAVE *vs.* WEBB ET AL.

1. When the bill contains no equity, it is good ground for dissolving an injunction, even in vacation, if an answer has been filed.
2. In revising the action of the primary courts, the Appellate Court reverses, affirms or modifies their judgments and decrees, without regard to the reasons upon which they are predicated; and if the primary court has arrived at a correct result, although the reasons assigned for it may be insufficient, the constant practice is to affirm.
3. The law of set-off is the same in equity as at law, unless there are some peculiar circumstances, or natural equity, growing out of the mutual transactions or condition of the parties, which would require the interposition of a court of equity, and which a court of law could not regard.

APPEAL from the Chancery Court of DeKalb.

Heard before the Hon. DAVID G. LIGON.

This bill was filed by the plaintiff in error against George W. Webb, Clement G. Lanier, Dent Lamar and others, to obtain an injunction against a judgment at law. An injunction was awarded on the filing of the bill; and after the answers came in, the cause was submitted to the Chancellor, on motion to dismiss the bill for want of equity, or, if this motion was overruled, to dissolve the injunction on the bill and answers. The Chancellor held, that the bill contained equity, but dissolved the injunction; and the complainant appealed from the order dissolving the injunction.

The allegations of the bill are, that Lanier obtained a judgment in the Circuit Court of Autauga, against the complainant and one William H. Bryant, for $300 $\frac{29}{100}$ besides costs, on the 18th of August, 1842; that before the rendition of this judgment, Lanier owed one James Hester about $600, and Hester owed complainant, and complainant and said Bryant, about $550; that before the rendition of said judgment, complainant transferred to Lanier his said debts on Hester, and Lanier promised, in consideration of $100 out of the amount collected, to collect and secure the debts on Hester, and pay over the proceeds to complainant; that Hester was at that time considered good, and, with ordinary diligence, the money might have been collected out of him; that Lanier fraudulently made a bargain with Hester, for the com-

promise of his own indebtedness to the latter at $300, in consideration of his indulgence to Hester on the debts transferred by complainant; that Hester soon became insolvent, and left the State; that said debts due from Hester to complainant, and to complainant and Bryant, are still unpaid, and belong exclusively to complainant; that complainant resided for many years in Autauga county, and never heard of said judgment, until, on the 18th of May, 1848, an execution was issued thereon, and sent to DeKalb county; that George W. Webb pretended to own and control said execution; that complainant refused to pay said execution, whereupon one Mooney, confederating with Webb, and falsely representing that if complainant would give his note for the amount of the execution, with Mooney as surety, he would have time to prepare his defence against it, and would not be precluded from doing so by giving the note; that being induced by these representations, complainant gave his note to Webb, with Mooney as security, for $463 $\frac{76}{100}$, the amount of said judgment, interests and costs: that Webb purchased said judgment for an inadequate consideration, and with full notice, from one Dent Lamar, without recourse; that Webb has obtained judgment on said note, and is attempting to enforce the collection of it by execution.

Lanier's answer admits complainant's indebtedness, and the rendition of judgment, as alleged; also admits that Hester once held his note for about $500; avers that the charges of the bill in relation to his transactions with Hester, respecting the notes transferred to him by complainant, are untrue; that, in 1841, complainant proposed to him to let him (Lanier) have notes on Hester, in favor of complainant, and of complainant and Bryant, to set off against his debt to Hester, and also a note on one John Hewitt for about $400; that respondent informed complainant that he had been notified by one Anthony Smith, that the note of Hester had been transferred to him; that complainant endorsed the notes, dating the endorsement prior to the notice of transfer; that the note which Hester held on respondent was payable to one Powell, who assigned it to Hester; that respondent took Hester's notes with reluctance, after complainant had promised to give him $100 of the amount collected; that Smith threatened respondent with

suit, to avoid which and the perpetration of a fraud by setting up the ante-dated endorsements, respondent paid Smith, and gave the notes back to complainant within a month after their reception; that either complainant or Bryant (respondent speaks from information,) brought suit on these notes in the Circuit Court of Autauga, and obtained judgment; that when he returned said notes, respondent accounted with complainant, by giving him credit on another debt, and paid over the balance in cash; that all allegations in the bill contrary to the statements of the answer are untrue; that complainant was insolvent when he left Autauga, and had been so for several years, and this was the reason why no execution on the judgment had been issued against him.

L. E. PARSONS and JOHN WHITE, for plaintiff in error:

The question whether the bill contains equity, is not before the court. The only question which the court can now revise, arises on the sufficiency of the answer. It is insisted, that the answer of Lanier does not deny all the allegations of the bill, which constitute the case presented by it. The equity of the bill consists in these two facts: That Lanier had received from complainant certain demands on Hester, which he had collected, or ought to have collected; and that when the execution was sent up to DeKalb, Webb and Mooney got the new note from complainant, upon a promise that his rights growing out of this equity should not be interfered with. The answer of Lanier denies only one of these facts, and says he has no knowledge of the other; it is, therefore, insufficient to dissolve the injunction. Moore v. Barclay & Spence, 16 Ala. 165.

A. J. WALKER, contra;

1. All the material facts of the bill are denied by Lanier, who alone, from the nature of the transactions, could have a knowledge of them. Dunlap v. Clements, 7 Ala. 539; Long v. Brown, 4 ib. 622.

2. The bill does not make out a case in which the complainant is entitled to relief in chancery, because it does not aver the insolvency of Lanier. It does not allege, that Lanier took the notes on Hester as a payment of Lanier's debt against

Cave, or as collateral security, or that he made any agreement to appropriate the money, when collected, to the payment of complainant's debt to Lanier. Chancery cannot allow a set-off, when there are unconnected debts, no mutual credit, and no averment of insolvency. 2 Story's Equity 89 § 1434; Tuscumbia R. R. Co. v. Rhodes, 8 Ala. 206; French v. Garner, 7 Porter 549.

3. The claim attempted to be set off here, is a mere right to recover unliquidated damages; and chancery has no more power to allow such a set off, than a court of law has. Duncan v. Lyon, 3 Johns. Ch. Rep. 351.

CHILTON, C. J.—We have uniformly held, that if a bill contained no equity, it was good ground for dissolving an injunction, and this even in vacation, if an answer was filed. Nelson et al. v. Dunn et al., 15 Ala. Rep. 512. So, also, it is the settled rule, that when this court is called upon to revise the action of the primary court, it reverses, affirms, or modifies the judgment or decree of such primary court, without regard to the reasons upon which such judgment or decree may be predicated, except so far as such reasons may serve to aid us in forming just views respecting the correctness of the conclusion attained; and if the court has arrived at a correct result, although the reasons assigned for it may be deemed insufficient, the constant practice is to affirm; for having arrived at the true point of destination, it were useless to go back, and travel the ground over, because the court failed to reach it by the direct road. So, in this case, although the court might improperly have dissolved the injunction, so far as its action was predicated upon the answer of Lanier; yet, if the bill be wanting in equity, there is a sufficient ground to sustain the dissolution, as it shows that the injunction should never have been granted, and consequently should not be reinstated.

Turning to the merits of the case upon the equity of the bill, it is very clear that it contains no equity. The effort is to establish a set-off, which, if it exists at all, existed before the rendition of the judgment, and might, if valid, have been pleaded at law. No ground is shown why the complainant may not resort to his action at law, to recover upon the con-

Cave v. Webb et al.

tract which he made with Lanier, in respect to the collection of the notes placed in his hands on Hester. It is not pretended that they were received in payment, or as collateral security, or that the proceeds, when received, were, by the agreement between complainant and Lanier, to be applied to the payment of the account due complainants. On the contrary, the bill expressly avers, that Lanier agreed to collect and secure the demands out of Hester, in consideration of $100 to be paid out of the collections, and to pay the same to the complainant. It then charges Lanier with making a fraudulent use of the claims, by giving day of payment, as a means of extinguishing an indebtedness of his own to Hester at a discount, and failing to use due diligence in their collection, whereby said claims of complainant's remain uncollected; and that, in the mean time, Hester has become insolvent. There is no averment that Lanier is insolvent, or that Webb is insolvent; so that, for any breach of contract in regard to the collection of the notes on Hester, the complainant may bring his action, and recover damages. But these damages can no more be set off in equity, than at law; for the rule is the same in both courts, unless there be some peculiar circumstance, or natural equity, growing out of the mutual transactions or condition of the parties, which would require the interposition of a court of equity, and which a court of law could not regard. McKinley v. Winston, 19 Ala. Rep. 301; 2 Story's Eq. Jur. § 1434, et seq.; Donalson's Ex'r v. Pope & Posey, 13 Ala. Rep. 752; Tuscumbia R. R. Co. v. Rhodes, 8 ib. 206; French v. Garner, 7 Por. Rep. 549. In the case before us, no equitable circumstance is alleged, going beyond the statute of set off, and which could give the court of equity jurisdiction independently of the statute; and inasmuch as the set off is not warranted by the statute, it follows that the bill contains no equity; consequently, the complainant has no right to complain of the dissolution of an injunction, when the court should have gone farther, and dismissed his bill.

Let the decree be affirmed, with costs.