# Shelton, Adm'r *v*. Knight, *Ex'r*.

*Bill in Equity for a Settlement of Partnership Accounts.*

1. *In absence of agreement, partners not allowed compensation for services rendered in winding up business after dissolution.*—After the dissolution of a partnership, one partner is not allowed to claim any compensation or reward for services rendered by him for the benefit of the partnership, in winding up the business thereof, in the absence of a special stipulation to allow him such compensation or reward.

2. *Same.*—Commissions for selling cotton, which had been consigned to a partnership engaged in a general commission business, and which was sold, after the dissolution of the partnership, by one of the partners, who had been, by mutual agreement, authorized to wind up the unsettled business of the firm, can not be allowed as a credit to such partner, upon a settlement of the partnership accounts, unless there is a special agreement authorizing it. Such commissions, in the absence of such agreement, must be divided according to the articles of partnership.

3. *When decree will not be reversed because evidence is confused and unsatisfactory.*—The decree of a chancery court rendered upon a settlement of partnership accounts will not be reversed because the evidence relating to some of the items embraced in the settlement, is "somewhat confused and unsatisfactory," there not being a clear preponderance against the conclusions of the chancellor.

APPEAL from the Butler Chancery Court.

Heard before JNO. A. FOSTER.

In 1865, Monroe P. Watts, James A. Branch and J. H. Bostwick formed a partnership ; and, as partners, engaged

[Shelton v. Knight.]

in a general commission business in the city of Mobile, in this State, until the 17th March, 1866, when the partnership was dissolved, by mutual consent; and by mutual agreement, Monroe P. Watts was alone authorized to close and wind up the unsettled business of the firm. Under this agreement Watts took the entire charge of the unsettled business of said firm, and proceeded with the settlement thereof, until about the 26th November, 1868, when he died, and Jere P. Routon and Thomas A. Knight, were appointed the executors of his last will and testament.

In May, 1866, James A. Branch died, and John C. Berry was appointed the administrator of his estate. On the 16th October, 1871, J. H. Bostwick, and John C. Berry, as the administrator of the estate of James A. Branch, deceased, filed the bill in this cause against the said Routon, and Knight, as executors of Watts, seeking a settlement of the accounts of said partnership. Afterwards Routon died and the suit was abated as to him. On 27th April, 1880, Bostwick died, and James A. Shelton, as the administrator of his estate, came in and was made a party complainant. The cause was referred to the register to take and state an account between the parties. The register stated the account, and reported his findings and conclusion to the court. Numerous exceptions were reserved to this report by the defendant, which, on submission to the court, were sustained, and the court rendered a final decree on the evidence reported by the register; and from this decree the complainants appealed, and here assign the same as error.

HERBERT & BUELL, for appellant.

JOHN GAMBLE, contra.

SOMERVILLE, J.—The bill in this case was filed for the settlement of the partnership accounts of the late firm of Watts, Branch and Bostwick. The partnership having been dissolved, Watts was left in possession of the partnership books and assets with exclusive authority to wind up the business.

After a careful examination of the evidence taken in the case, we are satisfied that the chancellor erred in one respect. The item of $1273.04, which was claimed as a credit in Watts, favor against the partnership, was improperly allowed to him. This item was for commissions for selling cotton, which had been consigned to the firm for sale by them as commission merchants. The sale was made by Watts after dissolution. The rule is, that, after dissolution, no part-

ner is allowed to claim any compensation or reward for his services rendered for the benefit of the partnership in winding up the business of the concern, unless it be specially stipulated.—Story on Part. (6th Ed.) p. 271 ; *Colgin v. Cummins,* 1 Port. 148. There is no evidence of any agreement authorizing such compensation, and hence it should not have been allowed. Watts was entitled to only one half of this item, and the other partners to one fourth thereof each, this being the proportion in which the profits of the business were to be divided between them.

The evidence in reference to some of the other items is somewhat confused and unsatisfactory, but there is not such preponderance against the conclusions reached by the chancellor as, in our opinion, would justify a reversal on any other ground than the one above mentioned. The register, in taking the account on reference to him, seems to have acted in accordance with the opinion of this court, as expressed when the case was last here on appeal.—*Routon et al. v. Bostwick et al.* 59 Ala. 360.

The decree of the chancellor is reversed and the cause remanded for further proceedings in accordance with this opinion.