# Winter *v.* Banks.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Revision of chancellor's rulings on exceptions to register's report.*—On appeal from the chancellor's decree overruling exceptions to the register's report upon matters of account, dependent upon the register's conclusions from the evidence adduced before him, this court will indulge all reasonable presumptions in favor of the register's rulings, and will not disturb them unless they are clearly shown to be wrong.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 29th January, 1880, by Thomas Banks, against John Gindrat Winter; and sought to enforce an alleged vendor's lien on a tract of land, for a balance of the purchase-money due by the terms of the written contract between the parties. Banks was in possession of the tract of land at the time he agreed to sell to Winter; but a bill in chancery was then pending against him, in favor of the personal representative of R. D. Gregg, deceased, involving the title to the land (the case being reported as *Grigg v. Banks*, 59 Ala. 311). By the terms of the contract between the parties, as reduced to writing, and signed by both parties, a copy of which was made an exhibit to the bill, the agreed price was $4,000, of which $2,000 was paid in cash, and the purchaser gave his two notes, for $1,000 each, with interest, for the residue; and the contract contained a further stipulation, that the future costs of the suit, and the fee of said Banks' solicitor for future services in the pending suit, should be paid by said Winter. The contract contained further stipulations, as to the retention of possession by Banks, the cultivation of parts of the land under a lease, and the division of the crops; but these stipulations are not material, as the case is here presented. The bill alleged that the greater part of the last note, between $500 and $1,000, was still unpaid, with solicitor's fees and costs which the defendant had agreed to pay; and sought to subject the land, by sale, to the payment of this amount. An answer was filed by the defendant, insisting that the defendant had received, in partial payments, and the proceeds of crops received and sold by him, more than the amount due on the notes given for the purchase-money; and denying that the complainant had paid or assumed any costs or solicitor's fees for

which, by the terms of the contract, the defendant was liable. The defendant having transferred his interest in the land and the contract, before the filing of the bill, to Mrs. Mary E. Winter, she was brought in as a defendant by an amended bill, and filed an answer setting up, in substance, the same defenses. The chancellor ordered a reference to the register as to the matters of account, and each party reserved exceptions to the register's report.    The account, as stated by the register, showed a balance of $693.55 due to the complainant, with interest from April 15th, 1882; and the chancellor confirmed his report, with some trifling alterations, overruling the exceptions of each party, on the authority of *Lehman v. Levy* (69 Ala. 48), on the ground that the evidence did not clearly show error in the register's conclusions.    The defendants appeal from this decree, and here assign as error the overruling of their several exceptions to the register's report.

GUNTER & BLAKEY, for appellants.

D. CLOPTON, and RICE & WILEY, *contra*.

BRICKELL, C. J.—The assignments of error refer only to the one ruling on exceptions to the report of the register upon matters of account between the parties.    On appeal from a decree of the chancellor, overruling exceptions to the report of the register on questions and matters of account dependent upon the conclusions drawn by the register from evidence produced before him, all reasonable presumptions are indulged to support his rulings, and they will not be disturbed unless shown to be clearly wrong.—*Kinsey v. Kinsey*, 37 Ala. 393 ; *Mahone v. Williams*, 39 Ala. 202; *Lehman v. Levy*, 69 Ala. 48.    After a careful examination, we are not prepared to pronounce them erroneous.

The first exception refers to the allowance of the fee paid by Banks to solicitors, for services rendered in the suit of *Gregg v. Banks*.    The liability of Winter to pay the fee, if it was compensation for services rendered after he entered into the contract of purchase, can not be denied.    The evidence showing that it was for such services, and not for antecedent services, may be meagre ; but yet it had a tendency to prove the fact, and was the only evidence upon the point which was introduced.    If the fact were otherwise, and the fee included services rendered prior and subsequent to the contract of purchase, the evidence of it could have been produced by the defendants.    As they offered no evidence upon the point, we can not say the register erred in concluding that the fee was, under the contract, properly chargeable to Winter.

The matter of exceptions seems to have been very fully and carefully examined and considered by the chancellor, and we are satisfied with his conclusions. It is not clearly and satisfactorily shown that the register erred in any of the rulings to which the exceptions are directed, and they ought not to have been disturbed.

Affirmed.

STONE, J., not sitting.