# Watts & Son *v.* Sayre.

*Bill in Equity to set off Judgments against each other.*

1. *Set-off at law and in equity ; judgments against partner, and in favor of partnership.*—At law, a judgment against one partner individually is not available as a set-off, in whole or in part, against a judgment in favor of the partnership, the debts not being mutual; nor will a court of equity set off one judgment against the other, to the extent of the individual partner's interest in the judgment in favor of the partnership, on the ground of his insolvency.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 3d June, 1885, by Calvin L. Sayre, against Thomas H. Watts and Thomas H. Watts, Jr., individually, and as partners in business under the firm name of Watts & Son ; and sought to enjoin the collection of a judgment which said Watts & Son had recovered against the complainant, and to establish as a set-off against it, to the extent of the interest of said Thomas H. Watts therein, which was alleged to be at least one-half, a judgment which one Geo. B. Holmes had recovered against said Watts, and of which the complainant claimed to be the owner by purchase and assignment. The judgment in favor of Watts & Son against the complainant was for $700, besides costs, and was rendered by the City Court of Montgomery, on the 16th March, 1885. The judgment in favor of Holmes against Watts, which was for $280, besides costs, was rendered by said City Court, on the 14th December, 1879 ; and the bill alleged that the complainant became the owner and holder of it, by purchase and assignment, "on or about the 16th March, 1885." The bill alleged, also, that said Thomas H. Watts was insolvent; that an execution on the judgment against him was regularly issued, and returned "No property found ;" that the partnership of Watts & Son owed no debts, and that the interest of said Watts in the judgment in favor of the partnership was at least one-half, but the exact amount of his interest was unknown to complainant. The complainant offered, in his bill, to pay into court the balance which might be found due on the judgment against him, after deducting the interest of said Watts therein, and otherwise to do equity as the court might require ; and he prayed that the interest of said Watts in said judgment against

him might be ascertained on a reference to the register, that the judgment in favor of Holmes might be allowed as a set-off against this interest, that the collection of the judgment in favor of Watts & Son might be enjoined in the meantime, and for other and further relief under the general prayer.

On the filing of the bill, an injunction was granted by Judge Arrington, which the defendants moved to dissolve, after filing answers, for want of equity in the bill; and the appeal is taken from the decree overruling this motion.

GUNTER & BLAKEY, for the appellants.—At law, the debt of one partner can not be set off against a debt due to the partnership, since the debts are not mutual ; and the same rule applies in equity.—*Jones v. Brevard*, 59 Ala. 503 ; Wait's Actions & Defenses, vol. 7, p. 486, §§ 10, 11, 12 ; Story's Equity, §§ 1433–37. Insolvency, if ordinarily a ground for allowing a set-off in equity, is not allowed that effect when the claim is subsequently bought up for the purpose of using it as a set-off.—*Reppy v. Reppy*, 46 Mo. 571 ; *Condon v. Shehan*, 46 Miss. 710.

RICE & WILEY, *contra*.—Courts of equity have original jurisdiction in cases of set-off, independent of statutory provisions ; and they still exercise this jurisdiction, in cases to which the statutes do not apply.—*Blake v. Langdon*, 19 Vermont, 485 ; *Ex parte Hanson*, 12 Vesey, 346 ; *Ex parte Stephens*, 11 Vesey, 27 ; *James v. Kynnier*, 5 Vesey, 108 ; *Taylor v. Okey*, 13 Vesey, 180 ; *Lindsay v. Jackson*, 2 Paige, 581 ; *Simpson v. Hart*, 14 Johns. 63, and cases cited. Insolvency is a recognized ground for the allowance of a set-off in equity, where it would not be available at law ; and the decisions are placed on principles of natural right and justice.—*Blake v. Langdon*, 19 Vermont, 485 ; *Gay v. Gay*, 10 Page, 374 ; *Simpson v. Hart*, 14 Johns. 63 ; *Pond v. Smith*, 4 Conn. 297 ; *Read v. Newburg*, 1 Paige, 215 ; *Robbins v. Hawley*, 1 Monr. 194 ; *Graves v. Woodbury*, 7 Hill, 559. This doctrine has been established by the decisions of this court, for nearly forty years.—*Railroad Co. v. Rhodes*, 8 Ala. 220 ; *Carroll v. Malone*, 28 Ala. 525 ; *White v. Wiggins*, 32 Ala. 424 ; *Martin v. Mohr*, 56 Ala. 223. The bill only proposes to establish the set-off against the partner's individual interest in the partnership judgment, and it was not necessary that this should be first ascertained by another suit.— *Wilson v. Strobach*, 59 Ala. 492. That the assignee is entitled to the same rights and remedies as his assignor, see *Williams v. Davies*, 2 Sim. 461 ; *Amy v. Shelby Co. Tax District*, 114 U. S. 393 ; High on Injunctions, §§ 141–2.

[Watts & Son v. Sayre.]

CLOPTON, J.—Whatever may have been the rules prior to statutory regulations, since the enactment of statutes on the subject of set-off, courts of equity have generally, in the absence of any intervening and controlling equity, followed the law, and put the same construction on the statutes as the courts of law. In 2 Story Eq. Jur. § 1434, the author observes: "It is true that equity generally follows the law, as to set-off; but it is with limitations and restrictions. If there is no connection between the demands, then the rule is as it is at law. But, if there is a connection between the demands, equity acts upon it, and allows a set-off under particular circumstances." The rule is the same in courts of equity and of law, unless· some special circumstance, or natural equity, growing out of the mutual transactions, or the condition of the parties, arises, which a court of law can not regard.—*Cave v. Webb*, 22 Ala. 583; *Goldthwaite v. National Bank*, 67 Ala. 549; *Brewer v. Norcross*, 17 N. J. Eq. 217; *James v. Kynnier*, 5 Ves. 108. Accordingly, joint and separate debts, or debts accruing in different rights, or demands not mutual, can not be set off against each other in equity. There are special cases, in which courts of equity will extend the doctrine of set-off beyond the law, founded on special circumstances; but it is unnecessary to refer particularly to them, as this case does not fall within any of the classes of special cases. Equity will not enforce the set-off of an equitable against a legal demand, unless the equitable demand is of such nature, that it would be a legal set-off if admissible at law.

While insolvency is a distinct ground, entitling the party to relief under special circumstances, it is not of *itself* sufficient, where the cross demands are purely legal and available at law. The cross demands, in such case, must be the subject of set-off under the statute, and not available at law, because of the insolvency; as where a party has a judgment against another, who has a counter-demand not in judgment, equity will restrain the collection of the judgment, if the plaintiff is insolvent, and apply the counter-demand in satisfaction. But insolvency does not authorize a set-off in equity, which is not within the spirit of the statute, or where it interferes with the rights of third persons. It is a material, and sometimes a controlling circumstance, in determining whether the court shall exercise jurisdiction, and stay legal proceedings. But, to authorize its exercise in the case of legal demands, non-availability at law, the demands being subject to set-off under the statute, and insolvency, must concur.

The ultimate purpose and prayer of the bill are, to set off a judgment, which was purchased and assigned to complainant, and in which one of the members of Watts & Sons is defend-

ant, against his interest in a judgment, which Watts & Son had recovered against complainant. Both these demands are legal, and both judgments were obtained in the same court. If the judgment were a legal set-off, it could, under the statute, have been set off by the court on motion.—Code, § 2993. The judgment held by complainant is not, however, a legal set-off against the judgment of appellants. The individual debt of a member of a partnership can not be set off against a partnership demand.—*Pierce & Baldwin v. Pass & Co.*, 1 Por. 232; *Ross v. Pearson*, 21 Ala. 473; *Clark v. Taylor*, 68 Ala. 453. The rule is the same in equity, there being no mutuality and no connection between the judgments. A member of a partnership has no individual right or ownership in the separate articles constituting the partnership property. His share or interest is in what remains after payment of partnership debts, and a settlement of accounts between the partners. A court of equity will not destroy or impair the rights and lien of one partner, by applying any part of a partnership demand to the payment of the individual debt of the other, which may eventually operate to compel its payment by a partner not liable therefor. The court will not break in upon the decisions at law, to compensate or set off, when to do so is to disregard other well-settled equitable principles.

The motion to dissolve the injunction should have been granted.

Reversed and remanded.

NOTE BY REPORTER.—On a subsequent day of the term, in response to an application by the appellee's counsel for a rehearing, the following opinion was delivered:

STONE, C. J.—The foregoing opinion of my brother Clopton seems to be misunderstood. There was, and is, no intention to overrule our former decisions on the question of set-off, as administered in the Chancery Court. We have held, and still hold, that insolvency alone furnishes a ground for equitable interposition to obtain a set-off, in certain conditions. The conditions are, that the cross demands must be mutual—that is, due from one party to the other in the same right; that one party is insolvent, and has the advantage of having his claim in judgment, and is taking steps to enforce it; that the other party has a valid claim against the first, due in the same right, of which he could not avail himself as a defense to the suit at law under the plea of set-off, and can not now avail himself, by motion to have one claim set off against the other. These facts concurring, chancery comes to the relief of the solvent party, and, restraining the insolvent one, forces him to allow

[Port of Mobile v. Leloup.]

the cross demand to be discounted from the claim he is thus unrighteously asserting : compels him to pay one debt with the other.— *C. & D. R. R. Co. v. Rhodes*, 8 Ala. 206 ; *Carroll v. Malone*, 28 Ala. 521 ; *Ingraham v. Foster*, 31 Ala. 123 ; *Tate v. Evans*, 54 Ala. 16 ; *Wood v. Steele*, 65 Ala. 436 ; *Chambers v. Ala. Iron Co.*, 67 Ala. 353 ; *Martin v. Mohr*, 56 Ala. 221 ; *Campbell v. Conner*, at present term.

The fatal defect in the present bill is, that the demands are not mutual. Against a debt due from complainant to a partnership composed of two members, the present bill seeks to have a set-off allowed, of a debt due from one member of the partnership. This can not be done, either at law or in equity. And it does not help the case, that the bill seeks only to have the debtor member's interest in the demand thus applied. Until partnership debts are paid, if there be any, and until the matters of account between the partners are settled and equalized, it can not be affirmed that either partner has a separable interest in any claim due the firm, or in any piece of property owned by it. As between the partners, partnership effects are held in trust, first to pay the debts of the firm, and second to secure a proper division of the residuum among themselves. 2 Brick. Dig. 430, §§ 120, 121 ; *Duramus v. Harrison*, 26 Ala. 323 ; *Warren v. Taylor*, 60 Ala. 218 ; *Clark v. Taylor*, 68 Ala. 453.

Application for rehearing denied.