# Glover *v.* Hembree.

*Bill in Equity for Settlement of Partnership Accounts, and Injunction of Sale under Mortgage.*

1. *Settlement of partnership accounts; averments of bill asking.*—A bill which alleges the formation of a partnership between the complainant and the defendants, the interest of each partner, the transaction of business by the partnership, the making of profits, its dissolution without a settlement, the defendants' denial of complainant's interest in the assets, and their liability to account to her, is substantially sufficient to authorize a decree for a settlement of the accounts.

2. *Motion to dismiss for want of equity; amendable defects.*—A motion to dismiss a bill for want of equity, is not the equivalent of a demurrer, and does not reach amendable defects in the bill.

3. *Injunction of sale under power in mortgage.*—A court of equity will, in a proper case, restrain by injunction the execution of a power of sale in a mortgage; but this jurisdiction should only be exercised when, on account of fraud, want of consideration, or other sufficient reason, the enforcement of the debt is against good conscience, and would work irreparable injury.

[Glover v. Hembree.]

4. *Set-off in equity.*—Generally, courts of equity follow the law in matters of set-off, in the absence of some connection between the cross demands, or some special circumstances or natural equity arising from the mutual transactions, or the condition of the parties, which a court of law can not regard; and will not, except under special circumstances, set off joint and separate debts, or debts accruing in different rights, against each other.

5. *Same; partnership and individual debts.*—A note given by the complainant, on the purchase of a one-third interest in a partnership then existing between the two defendants, payable to one of them individually, who had advanced the greater part of the capital stock, is a separate debt between the maker and the payee, against which, in the absence of special circumstances, the maker can not set off, in equity, the balance due him from the partnership on settlement of its accounts.

6. *Injunction of sale under power in mortgage.*—In the absence of insolvency, or other special equity, a power of sale in a mortgage will not be enjoined for the purpose of enabling the mortgagor to have ascertained, and set off against the mortgage debt, an uncertain balance claimed to be due on a settlement of the partnership accounts, or other claim in controversy between him and the mortgagee, even though the cross demands may be mutual.

7. *Register's rulings on questions of fact.*—The chancellor's rulings on exceptions to the register's report, sustaining his conclusions as to facts dependent on evidence produced before him, will not be disturbed on appeal, unless such conclusions are clearly shown to be erroneous.

8. *Partnership books as evidence.*—On the settlement of partnership accounts in equity, the partnership books are admissible and competent evidence; but evidence *aliunde* may be received to prove that the entries therein do not show the entire amount of sales.

9. *Statement of partnership accounts.*—On the statement of partnership accounts, the net profit or loss must be first ascertained, and then the account of each partner with the firm should be stated; and where there are three equal partners, the amount due to one of them is not one-third of the net profits as thus ascertained, but the balance of it after deducting two-thirds of his indebtedness to the firm.

10. *Compensation of partner for services.*—In the absence of a special agreement, a partner is not entitled to compensation for his services, nor for his personal expenses.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed in January, 1884, by Mrs. Louisa Hembree, against W. C. Glover and Vincent D. Ladd, her late partners, asking a settlement of the partnership accounts, an injunction against a sale of lands under a power in a mortgage, and the application of any balance found due her on settlement of the partnership accounts to the payment of the mortgage debt. After answers filed, the defendants submitted a motion to dissolve the injunction, and to dismiss the bill, both for want of equity, and on the denials of the answers; and the cause being submitted at the same time on demurrers, Hon. N. S. GRAHAM presiding, he overruled both the motion and the demurrers. Afterwards, the cause being submitted for decree on pleadings and proof, he held that the complainant was entitled to re-

[Glover v. Hembree.]

lief, and ordered a reference of the matters of account to the register. At a subsequent term, Hon. S. K. McSPADDEN presiding, the register made his report, showing that the net profits of the partnership were $934.97; to which exceptions were filed by each party. The chancellor overruled the exceptions, confirmed the report, and rendered a decree for the complainant, declaring that she was entitled to a credit of $311.65 (one-third of the net profits) on the mortgage debt, and was also entitled to one-third of the uncollected debts due to the partnership. The defendants appeal, and here assign as error each of the decrees rendered in the cause, and the overruling of their several exceptions to the register's report.

R. C. BRICKELL, and J. E. BROWN, for the appellants.

F. P. WARD, and R. W. WALKER, contra.

CLOPTON, J.—The bill, which was filed by appellee, has a two-fold purpose—a settlement of the accounts of a partnership, which had theretofore existed between complainant and defendants, and which was dissolved by the retirement of complainant in September, 1882; and to apply any balance found due to complainant, to the payment of a note secured by a mortgage on lands, which she had executed to the defendant Glover, on the formation of the partnership, for a one-third interest. The bill, among other things, prays for an injunction, restraining Glover from selling the lands under a power contained in the mortgage, which it alleges he was proceeding to do. The injunction having been granted and issued, a motion was made to dissolve it, and to dismiss the bill for want of equity. The motion, and a demurrer to the bill, were overruled in vacation, in April, 1884.

1. The averments of the bill are sufficient for the purpose of settling the partnership accounts. It alleges the formation of the partnership, the names of the partners, the interest of each partner, the transaction of the business for which the partnership was formed, its dissolution without a settlement, and the time and manner thereof, the making of profits, and the denial by the defendants of complainant's interest in the assets, and their liability to account to her. The bill substantially conforms to the statutory requirement, that "it must contain a clear and orderly statement of the facts on which the suit is founded, without prolixity or repetition, and conclude with a prayer for the appropriate relief."—Code, § 3761.

2. If, however, the bill were defective in the respects urged in argument, being amendable, the objection should have been raised by demurrer. A motion to dismiss for want of equity is not the equivalent of a demurrer, and is not appropriate to reach mere defects or insufficiencies of pleading curable by amendment.—*Seals v. Robinson*, 75 Ala. 363. On the allegations of the bill, if confessed or proved, the complainant would be entitled to a proper decree of reference.

3. While courts of equity will interpose by injunction, in proper cases, to restrain the execution of a power of sale in a mortgage, such jurisdiction should be exercised only when, because of fraud, or a want or illegality of consideration, or for other sufficient reasons, the enforcement of the collection of the debt is against good conscience, and would work great and irreparable injury.—2 Jones Mort., § 1804; *Vaughan v. Marable*, 64 Ala. 60. The author cited says, in section 1805: "In general, a stronger case must be presented to the court to obtain an injunction against a proposed sale under the power, than to obtain a decree setting it aside after it is made." No facts constituting fraud, or want or illegality of consideration, are averred. The claim of interference by injunction is founded on the allegations, that the consideration of the note secured by the mortgage is an interest in the partnership, and that on a settlement of the accounts the defendants will be found indebted to complainants. There is no averment of insolvency, or of facts showing other special equity.

4. Generally, courts of equity follow the law as to set-off. The limitations of the general rule are, that where there is a connection between the demands, or some special circumstances or natural equity, arising from the mutual transactions, or the condition of the parties, equity acts on it, and allows a set-off, which can not be regarded by a court of law. Except under particular circumstances, joint and separate debts, or debts accruing in different rights, will not, for the want of mutuality in the cross demands, be set off in equity against each other.—*Walts v. Sayre*, 76 Ala. 397.

5. The note given to Glover can not be said, in any legal sense, to grow out of the partnership transactions. It was given by complainant, on the formation of the partnership, as her contribution to the capital, and was given to Glover individually, because he had advanced a larger part of the capital of a prior partnership between him and Ladd. There is neither averment nor proof of any mistake, or that Ladd did not sanction the taking of the note and mortgage by Glover payable to himself, or of any intention or understanding that Ladd should have any interest therein. By the

terms of the contract, the property to the note and mortgage vested in Glover, and he could have maintained thereon an action at law in his own name. Any balance found due complainant, on a settlement of the partnership accounts, will be the joint debt of Glover and Ladd. Having retained possession and management of the partnership assets, they hold them in trust, after dissolution, to pay the debts, and any balance due the retiring partner. Such balance, when ascertained, constitutes a joint liability, which can not be set off against the separate debt due Glover, unless there be some intervening special equity entitling complainant to the set-off. The equitable nature of the demand is not by itself sufficient.—*Watts v. Sayre, supra.* Giving the note for a one-third interest in the partnership, disconnects it from the partnership accounts, and makes it a purely legal demand.—*Tate v. Evans,* 54 Ala. 16 ; *McKinley v. Winston,* 19 Ala. 301.

6. Besides, the claim of complainant was unliquidated when the bill was filed. It was not then known, whether or not a balance was due complainant. Without averment of insolvency, or other special equity, a power of sale will not be enjoined, for the purpose of enabling the mortgagor to have ascertained, and set off against the mortgage debt, an uncertain balance that may be due him on a settlement of partnership accounts, or other claim in controversy between him and the mortgagee, though the cross demands may be mutual. Such is not a case where the great and irreparable injury will result, which authorizes the court to exercise its extraordinary jurisdiction. The injunction should have been dissolved.—*Tate v. Evans, supra;* 2 Jones Mort. § 1811; 2 High on Injunc. § 444; *Cummings v. Norris.* 25 N. Y. 625.

7. In any correct settlement and adjustment of partnership accounts, the ultimate purpose is to ascertain what is the amount of the net profit or loss. The first inquiry must be directed to the ascertainment of the gross profits, from which should be deducted the expenses and losses. The register seems to have proceeded on this principle in taking the account. The decree of the chancellor, overruling exceptions to his report on matters dependent on his conclusions of fact from evidence produced before him, ought not to be disturbed, unless such conclusions are shown to be clearly erroneous.—*Winter v. Banks,* 72 Ala. 409.

8–9. The books of the partnership were in evidence, and it is insisted that the books show the register erred in the ascertainment of the gross profits. The entries in the books of a partnership, to which the members have access, are

[Glover v. Hembree.]

*prima facie* correct, and evidence against the partners. But it may be shown that the books do not contain a full statement of the partnership transactions. The entries in the books were accepted as correct, as to the matters to which they related. It appears, however, that there were expenses incurred, and paid, which do not appear on the books. It was in the power of the defendants, who had the exclusive control and management of the business, and who kept the books, to have made reasonably clear the true condition of the partnership, and the results of the business. Without attempting to do so, or making any explanation, they contented themselves with general statements, that they sold goods on an average at from twenty-five to thirty per cent. on the cost, and with general denials that the business had been profitable. If they were mistaken as to the per cent. at which they sold the goods, the mistake could have been shown by a comparison of the entries of purchases and sales made in the books. If they are not mistaken, it follows, that the books do not show the entire amount of sales. On consideration of the entire evidence, we can not say that it clearly and satisfactorily appears that the register erred in his report of the amount of gross profits. But there is error in the second recapitulation, as it is termed, in the report of the register, and the chancellor erred in allowing complainant one-third of the *residuum* as shown therein. To ascertain the amount due complainant, it is necessary to state an account between her and the partnership. In order to state this account, having found the sum for division between the partners, by deducting from the gross profits and goods on hand the proper expenses and losses, and the uncollected notes and accounts, including the account of B. F. Hembree, the register should charge the defendants with one-third of the *residuum* thus found, and credit them with two-thirds of the indebtedness of complainant to the partnership. The remainder, with interest from the date of dissolution, is the amount due complainant.—*Shelton v. Knight*, 68 Ala. 598.

10. As the account must be re-stated, it may be proper, for the purpose of a correct settlement, and to prevent the unnecessary continuance of litigation, to call attention to the rule, that a partner is not entitled to compensation for his services, unless there is an agreement they shall be paid.—*Zimmerman v. Huber*, 29 Ala. 379; *Shelton v. Knight, supra.* The same rule applies to the personal expenses of the partners. Whether or not there is such agreement we do not decide, the question not being properly before us.

The register will re-state the account on the evidence before

[Sandlin v. Anderson, Green & Co.]

him, unless the chancellor shall allow further evidence to be adduced.

The decree is reversed, and the cause remanded for further proceedings in conformity with this opinion, and that the chancellor may make a proper disposition of the uncollected notes and accounts.