# Scholze, *et al. v.* Steiner, *et al.*

*Bill in Equity by Surety to Enforce Equitable Set-off.*

1. *Appeal; right of in equity by any party injuriously affected by decree.*—Where the court overrules motions to dismiss the bill for want of equity, and to dissolve the temporary injunction granted thereon, any defendant injuriously affected by such decree may appeal therefrom though he may not have been the party who made the motions which were overruled.

2. *Equitable set-off; right of surety to set-off debt due to insolvent prin-*

[Scholze et al. v. Steiner et al.]

*cipal.*—Where the principal has a valid claim against the creditor the
surety will be allowed in equity to show the principal's insolvency,
and set-off such claim against the creditor.

3. *Motion to dismiss bill for want of equity; amendable defects treated
as cured.*—An averment in a bill which is a mere conclusion cannot be
reached by a motion to dismiss the bill for want of equity, but on
such motion the defective averment will be treated as amended.

4. *Dissolution of temporary injunction.*—Where, if the defendants
allegations are true, the injunction granted complainant will not
harm the defendant, and if complainant's allegations are true, a dis-
solution will do him irreparable injury, the injunction will not be
dissolved.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. THOMAS COBBS.

LOMAX, PITTMAN and JAMES E. WEBB, for the appellants.

CABANISS & WEAKLEY, for the appellees.

STONE, C. J.—The appeal in this case is from the de-
cree of the Chancery Court overruling a motion to dismiss
the bill for want of equity, and also a motion to dissolve
the injunction on the denials of the answer and for want of
equity in the bill. No other questions are presented for re-
view in this court. The facts set forth in the bill are, in
brief, as follows : On the 5th day of September 1889, Allen
& Taylor recovered a judgment against Herman Scholze, in
the City Court of Birmingham for the sum of $105.67 and
costs of suit. On June 3rd, 1890, Herman Scholze re-
covered judgment in the City Court of Birmingham against
Emil Lesser for $322.30 and costs of suit, and immediately
thereafter transferred the same to Robert Scholze. In June
1890, after the above mentioned transfer and without notice
thereof, Lesser purchased the judgment of Allen & Taylor
against Herman Scholze. The judgment in favor of Herman
Scholze against Emil Lesser was appealed by the latter to the
Supreme Court, appellees, Steiner and Levi, becoming sure-
ties on the appeal bond, with interest, damages and costs.

At the fall term 1890, of the Circuit Court of Jefferson
county, the Francis-Chenoweth Hardware Company recov-
ered judgment against Herman Scholze for $281.88 and costs
of suit, on which a writ of garnishment was sued out, (after
the Lesser judgment was affirmed), and was served on appel-
lees Steiner and Levi. The garnishees answered setting out
the facts as hereinabove detailed and suggested Robert
Scholze as a claimant. After the filing of their answer the
garnishees by their attorney, applied to the attorney of the
Francis-Chenoweth Hardware Company to know if they

might with safety pay to Robert Scholze the amount they really owed after deducting the amount of the Allen & Taylor judgment and were warned not to do so. It is further averred in the bill that the transfer of the judgment by Herman Scholze to Robert Scholze "was not made in good faith, but for the purpose of hindering, delaying, or defrauding the creditors of said Herman Scholze, Allen & Taylor among the number, to whose rights the said F. Lesser has succeeded." It is also averred that Lesser had offered to set off his judgment against Herman Scholze in diminution of the judgment in favor of Herman Scholze against him and appellees which offer was declined. That Robert Scholze had caused execution to be issued in the name of Herman Scholze for his use against Lesser and appellees for the full amount of the judgment and was about to have the same levied on appellees' property. That executions have been issued against Herman Scholze on the Allen & Taylor judgment but were returned "no property." That Robert Scholze is a non-resident and has no property in the State subject to execution and that Herman Scholze is insolvent. That neither complainants, (appellees), nor Lesser can exercise the statutory right of setting off the one judgment against the other, when executions are issued, because the judgment owned by Lessor is against Herman Scholze while the execution issued against Lessor and appellees is in the name of Herman Scholze for the use of Robert Scholze who claims and controls the same. There are also appropriate averments in the bill denying all collusion in respect of the interpleader. The bill seeks to set off the Allen & Taylor judgment, *pro tanto*, against the Herman Scholze judgment, and, as to the balance of the last named judgment, to require an interpleader between Robert Scholze and the Francis-Chenoweth Hardware Company.

A temporary injunction was granted restraining the collection of the judgment by Herman and Robert Scholze until the determination of the rights of the parties.

The Francis-Chenoweth Hardware Company answered admitting all the allegations of the bill.

Robert and Herman Scholze filed a joint and several answer, admitting the several judgments but denying that Lesser bought the Allen & Taylor judgment without notice of the transfer of the Herman Scholze judgment to Robert Scholze. They deny that the transfer of said judgment to Robert Scholze was fraudulent and also deny the right of set-off as claimed in the bill. They also set up affirmatively that Lesser bought the Allen & Taylor judgment with notice

[Scholze et al. v. Steiner et al ]

of the previous transfer of the Herman Scholze judgment to Robert Scholze.

The Chancery Court overruled the motions to dismiss the bill for want of equity and to dissolve the injunctions. The correctness of that ruling is the question involved in the appeal.

Appellees' counsel, however, as a preliminary question, urge that the assignments of error can not avail appellants for the reason that it does not appear affirmatively from the record that Robert Scholze was the movant in the motion to dismiss the bill and dissolve the injunction.

The motion is not set out in the record and there were several defendants besides Robert Scholze. The decree of the court simply recites that the cause was submitted "on the motion to dismiss the bill for want of equity therein and on the denial in the answer," without stating by whom it was made.

It sufficiently appears from the record that the interest claimed by Robert Scholze in the subject-matter of the controversy, was injuriously affected by the decree of the court. That fact gives him the right of appeal whether he was or not the party who actually submitted the motion upon which the decree was rendered. Furthermore the only answer containing any denial of the equity of the bill is the joint answer of Robert and Herman Scholze; the answer of the other defendant admits every allegation of the bill. It is a reasonable inference from these facts that the motion to dismiss the bill for want of equity and to dissolve the injunction upon the denials in the answer was submitted by the parties who had jointly denied the equities of the bill and not by the party who had admitted in its answer all the averments of the bill.

Going now to the main question, it will be seen from the above statement of the averments and prayer of the bill that its purpose is twofold. First to set off, *pro tanto*, the Allen & Taylor judgment against the judgment of Herman Scholze against Lesser; and second, to require the Francis-Chenoweth Hardware Company and Robert Scholze to interplead as to the balance of the Lesser judgment remaining after the allowance of the set-off.

Ordinarily a surety, when sued upon his obligation, can not avail himself of an independent cause of action existing against the plaintiff in favor of his principal, as a defense or counter claim. It is for the principal to determine what use he will make of such cause of action; and the surety can not control his discretion.—*Lasher v. Williamson*, 55 N. Y. 619; *Morgan v. Smith*, 7 Hun. 244.

By statute in this State, Code, § 2681, it is provided that a co-maker or surety sued alone, may with the consent of his co-maker or principal avail himself, by way of set-off, of a debt or liquidated demand due from the plaintiff at the commencement of the suit to such co-maker or principal.

But this statute by its terms is confined to cases where the surety is sued alone and where he has the consent of the principal to avail himself of the set-off, and, consequently, gives no support to the bill in this case.

Appellees' right of set-off is independent of the statute and is referrible to the jurisdiction in courts of equity arising in such cases from the insolvency of the principal. The doctrine generally recognized is that where a principal has a valid claim against the creditor, the surety will not be compelled to pay the claim and seek a doubtful remedy against the insolvent principal, but, on being sued on his contract, will be allowed in equity to show the insolvency of his principal and set off the claim against the creditor. *Morgan v. Smith, supra.* ; *Gillespie v. Torrance*, 25 N. Y. 306.

According to this rule the insolvency of Lesser, the principal, furnishes a special ground of equity giving to the court jurisdiction of the question of set-off presented by the bill, and sufficiently establishes the right of appellees, in equity, to set off *pro tanto* the judgment of Allen & Taylor against Herman Scholze, which was purchased by Lesser, unless that right is defeated by the prior transfer by Herman Scholze to Robert Scholze of his judgment against Lesser and appellees.— *Watts & Son v. Sayre*, 76 Ala. 397, 400. If that transfer was valid the right of set-off would thereby be defeated.

But the bill attempts to show its invalidity by attacking it for fraud, and this, as hereinbefore shown, is done by simply averring that "said transfer was not made in good faith, but for the purpose of hindering, delaying or defrauding the creditors of the said Herman Scholze, Allen & Taylor among the number, to whose rights the said Emil Lessor has succeeded."

We have often held that an averment substantially in this language is nothing more than the averment of a conclusion and, therefore, insufficient when challenged by special demurrer.—*Flewellen v. Crane*, 58 Ala. 627; *Lipscomb v. McClellan*, 72 Ala. 151.

The question is different when raised by a motion to dismiss the bill for want of equity, as it now comes before us. In *Seals v. Robinson & Co.*, 75 Ala. 363 we said, "A motion to dismiss for want of equity is not the equivalent of a de-

[Scholze et al. v. Steiner et al.]

murrer; nor is it appropriate to reach mere defects or insufficiencies of pleading curable by amendment, which is matter of right at any time before final decree. It should be entertained only when admitting the facts apparent on the face of the bill, whether well or illy pleaded, the complainant is without right to equitable relief." To the same effect are the following authorities: *Glover v. Hembree,* 82 Ala. 324; *Haynes v. Short,* 88 Ala. 562.

We must, therefore, on this motion, treat the defects in this averment as amended, and, consequently, regard the bill as showing the invalidity of the transfer.

It may be the same conclusion results from the fact that the Allen & Taylor judgment is shown to have been in existence when the transfer of the judgment was made by Herman Scholze and that the latter was insolvent, upon the principle that the transfer of property by an insolvent is presumptively fraudulent as against existing creditors, which presumption is only overcome by proof of a sufficient valuable consideration paid for the transfer.

Again, it is expressly denied in the bill that Lesser had knowledge or notice when he bought the Allen & Taylor judgment, that the judgment of Herman Scholze against Lesser had been transferred, and there is nothing in the bill showing that the latter transfer was entered of record. This last fact only appears from the answer.—*Carroll v. Malone,* 28 Ala. 521.

Looking to the allegations of the bill, alone, the alleged transfer by Herman Scholze of his judgment against Lesser to Robert Scholze interposes no obstacle to the right of set-off sought by the bill and that ground of equitable relief is, as against the motion to dismiss the bill for want of equity, made out by the averments.—*Wood & Houston v. Steele,* 65 Ala. 436.

Having reached the conclusion that the bill contains equity in one aspect, in which it is filed, it is unnecessary to decide whether it is, also, maintainable in the second aspect or alternative, viz., as a bill of interpleader. That question has not been raised by demurrer and may not be— we will not anticipate it.

Inasmuch as the bill contains equity it was not a matter of absolute right in the defendants to the bill to have the injunction dissolved upon the denials of the answer. The rule in such cases has been well expressed as follows: "Where, if the defendant's allegations are true, the injunction will do him no harm, and if the plaintiff's allegations are true a dissolution will involve him in irreparable injury

the injunction will not be dissolved."—*McBrayer v. Hardin,* 7 Ire. Eq. 1; *Purnell v. Daniel,* 8 Ire. Eq. 9.

We discover no error in the record and proceedings of the Chancery Court. Its decree is affirmed.