## UNION INDEMNITY CO. v. STEVENS.

### No. 6501.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1932.

Wm. H. Watkins, of Jackson, Miss., for appellant.

Fulton Thompson, of Jackson, Miss., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a decree denying certain claims of credit and subrogation asserted by the surety of a failed national bank in its bill of complaint against the bank's receiver.

On January 19, 1931, the First National Bank of Jackson, Miss., being insolvent, was taken over by the Comptroller of the Currency and placed in the hands of a receiver. At that time the state of Mississippi had on deposit in the bank to the credit of its general fund the sum of $100,000, which was secured by the bank's depository bond, upon which appellant was surety. On January 21 the state demanded of appellant as surety immediate payment of the full amount of its deposit. On March 20 appellant paid $69,000, and in August the state obtained a decree in a state court for the balance of $31,000, and also for the sum of $3,800 as interest and attorney's fees. Appellant immediately paid the total amount of the decree, and the state court ordered that it be subrogated to all the rights of the state against the bank, pursuant to section 2959 of the Mississippi Code. At the time of its failure, the bank was the owner and holder of a warrant, issued by the state auditor of public accounts upon the state treasurer, for upwards of $15,000. This warrant was issued to take up a note which the Mississippi state insane hospital commission had given to the bank to meet its current expenses. It is a valid warrant, Mississippi Code, § 3727, and the bank was entitled to exchange it for a treasury warrant; but the state treasurer refused to honor it because for the time being there were insufficient funds available to the credit of the hospital commission. Appellant, having

840

finally discharged in full its obligation as surety to the state, sought to have the receiver allow its claim not only for the deposit of $100,000, but also for the $3,800 which it paid out as interest and attorney's fees in satisfaction of the state court's decree; from this total amount it claimed the right to deduct the amount of approximately $15,000, represented by the warrant, and to prove an unsecured claim for the balance. But the receiver disallowed the $3,800, and would only accept proof of the $100,000 as an unsecured claim. Appellant made proof accordingly, but renewed its claims before the district court, where the action taken by the receiver was sustained.

We are of opinion that appellant was not entitled to take credit for more than $100,000, as it was its own fault that it was required to pay interest and attorney's fees to the state. The suit in the state court was not brought for more than sixty days after the date of the bank's failure. That was ample time for appellant to ascertain the amount of the state's deposit; indeed, according to the evidence, the exact amount of that deposit was never disputed or in doubt. Coming to the other branch of the case, we think that appellant was entitled to have the receiver transfer and deliver to it the auditor's warrant for $15,000, and to collect that warrant whenever funds were available in the state treasury for its payment. It follows, of course, that the amount of the warrant should be deducted from the $100,-000 allowed by the receiver and approved by the district court as an unsecured claim. There is no doubt that the warrant represented a valid debt against the state and in favor of the bank. And the debts existing between the bank and the state were mutual, notwithstanding that the indebtedness represented by the warrant was incurred by the hospital commission. The right of set-off, even though it did not exist at law, will be recognized and enforced in equity, in view of the bank's insolvency. Scholze v. Steiner, 100 Ala. 148, 14 So. 552; Clark Car Co. v. Clark (C. C. A.) 48 F.(2d) 169; 24 R. C. L. 862, 865. Appellant became subrogated to the bank's title to the warrant upon discharging its obligation to make good the state's deposit. It did not waive its right of subrogation by complying with the receiver's requirement as to the filing of proof of claim. It still was entitled to apply to the court for an order directing that the warrant be delivered to it.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.