## BOYD v. MYNATT.

1. It is no bar or defence to a bill, for an account and settlement of a partnership, that the defendant has been injured by the failure of complainant to perform his stipulations contained in the articles of copartnership. The defendant, in such a case, has his remedy by action at law on the articles. The practice in Courts of equity is to consider all stipulations in the articles, when not acted on by the parties, as if they were entirely omitted.

WRIT of Error to the Court of Chancery for the fourth District of the Northern Division.

The bill exhibits the articles of partnership, containing the mutual stipulations of the several acts to be performed by the parties with respect to the business. The principal acts to be done by the complainant, were to supply a capital of one thousand dollars, the making of a tan yard, and the furnishing a hand to work in it. Those to be done by the defendant were to take charge of the yard, to use his best endeavors for the interest of the firm, and to teach the hand which the complainant agreed to furnish, the business in all its various branches.

The bill alledges that the partnership was carried on for some fifteen months, and states the items of account for which it is chargeable to the complainant. It also alledges the performance of all the stipulations on the part of the complainant, the non-performance of those stipulated by the defendant, who is charged with receiving all the effects belonging to the firm, and with refusing to settle or adjust the accounts, notwithstanding a dissolution had been agreed on.

The answer of the defendant admits the execution of the articles, and that the partnership was carried on for some months, but it denies that the capital stipulated for was supplied by the complainant, except the amount of two hundred and twenty-nine dollars. It also denies that the hand was supplied as agreed, except for a short period of time, after which he was put to other work by the complainant; and it also asserts that the principal work of erecting the yard, &c. was performed by the defendant.

The answer likewise insists on these grounds of defence:

1st. That a settlement of the transaction was had by a division of the partnership effects, and afterwards that the complainant sued the defendant in a court of law in Benton county, with regard to which the parties agreed that the suit should be dismissed and each party pay his own costs; the articles of agreement were to be given up by the complainant, who said he had left them at his residence. The defendant asserts that under this agreement, he paid his portion of the costs.

2d. That the failure of the complainant to supply the capital agreed upon, prevented the business from being profitably car-

ried on, and that the defendant would have been a loser even if he had received all the effects of the firm to his own use. He therefore insists that this violation of the contract by the complainant is a reason why he should not be compelled to render any account of the partnership.

3d. That he was a minor when the articles of partnership were entered into.

The evidence taken in the cause, shows that the partnership was carried on under the articles, although it is certain the complainant did not furnish the amount of capital stipulated for, and omitted in some other matters to comply with his agreements.

The Chancellor considering none of the points made by the answer as sufficient to preclude an account between the parties, directed one to be taken upon certain principles ascertained by a decretal order. This account was taken, but the report of the Master was subsequently set aside, for reasons not important to be recited, and a new reference made. Under this another account was taken and reported, showing the defendant's indebtedness to the complainant in the sum of two hundred and ninety dollars, with interest from the 4th March, 1835.

Several exceptions were taken to this report, but they are unnecessary to notice, as the Chancellor concurred with the Master in his views of the account between the parties, taken with reference to the articles; but on a re-examination of the pleadings and proofs, the bill was dismissed, the Chancellor conceiving that the failure of the complainant to comply with the stipulations of the contract on his part, precluded him from calling for an account, the more especially as it satisfactorily appeared the business of the partnership could not be successfully prosecuted without a compliance with these stipulations. To reverse the decree the writ of error is now prosecuted.

W. B. MARTIN, for the plaintiff in error.
MOORE, contra.

GOLDTHWAITE, J.—This case was retained under consideration, because it was supposed to involve a principle en-

tirely novel, and with respect to which there seems to be an entire absence of decision.

The Chancellor dismissed the bill at the final hearing, because he considered the unsuccessful prosecution of the partnership business as owing, chiefly, if not entirely, to the omission by the complainant to supply the capital agreed by him to be supplied.

The default of the complainant in this, as well as in some other matters, may be conceded as sufficiently established by the proof, but yet it is clear the partnership was carried on under the articles for more than a year, and also that no settlement of the partnership transactions has been had with the assent of both parties.

Under these circumstances, if the complainant cannot enforce a settlement in equity, it is clear he is without relief. The decree dismissing the bill assumes that the complainant is not entitled to an account, because the defendant will not be more than compensated for injuries sustained by the complainant's neglect or refusal to comply with his covenants, even when he is permitted to retain all the joint effects shown to be in his hands.

We think this view cannot be sustained, and that if it was adopted it must lead to a practice which would prove exceedingly inconvenient. In most cases of bills for the settlement of partnership accounts, the defendant would insist on compensation for the breaches of the covenants contained in the articles, and the account of the partnership transactions, would be embarrassed or delayed with the inquiry into these damages, which all authorities agree must be ascertained by a suit at law. [Story on Part. 327.]

The practice established in courts of equity on this subject, is to read the articles of partnership, when they contain clauses which have not been acted on, as if these clauses were expunged, or were not inserted therein. Jackson v. Sedgwick, 1 Swanston, 460, 469; Collyer on Part. B. 2, Ch. 2, §139, 2d ed.]

In the application of this rule, no injurious results can ever flow, as the party injured by a breach of stipulations contained in the articles, always has an ample remedy at law, and can

exert it equally as speedily as his adversary can obtain an account in equity.

The case of insolvency may present an exemption to this rule, but whether it does, is not necessary now to be determined, as it is not involved in this case.

The decree must be reversed, and as there was no action by the Chancellor upon the exceptions, it must be remanded in order that an examination may be made of the correctness of the Master's report.