## WILLIAMSON v. HAYCOCK, et al.

1. COPARTNERSHIP: BILL IN EQUITY. As a general rule, a bill in equity by a partner for a balance due upon co-partnership business should show a final settlement of the co-partnership business, or ask the court to marshal the assets and make a final settlement between the members of the firm.

2. SAME: The failure to make such allegations will not be fatal to the bill on the final hearing if the answer and evidence disclose a state of facts which necessarily raises the presumption that such settlement was made.

3. ANSWER OF CO-DEFENDANT. The answer of a defendant in a chancery proceeding does not bind his co-defendant.

4. EVIDENCE OF CO-DEFENDANTS. A party in a chancery proceeding may make witnesses of one or more of his adversaries.

*Appeal from Louisa District Court.*

SATURDAY, OCTOBER 6.

THE material facts are stated in the opinion.

*Chas. H. Phelps,* for the appellants.

*Henry O'Connor,* for the appellee.

LOWE, C. J.—This was a proceeding in equity between members of a co-partnership, based substantially upon the following facts :

On the 9th day of February, 1852, the parties agreed to become co-partners in the purchase of a certain twenty acres of land, together with a steam flouring mill and other buildings situated thereon, for the term of three years, and with the view of making further improvements on said premises, carrying on the milling business, purchasing, manufacturing grain &c. Prior to this time Lockwood and Williamson had been partners, and in the formation of this new firm they as one party were to advance one-third of the capital, and own one-third of the property; Haycock one-third and Benifield one-third; and the firm was to be known by the name of B. A. Haycock & Co.

Haycock was to be the miller and the active and managing agent of the concern, keeping the books, and doing whatever should be necessary to advance the best interests of the concern; for which he was to have an extra allowance of three hundred and fifty dollars per year. A settlement of the general business of the firm was to be had on the first days of February and August of each year. At the termination of the firm, whether by lapse of time, death, or the agreement of the parties, the debts of the firm, were the first to be paid out of the co-partnership funds, next each co-partner was to receive the amount due him for advances which he may have made above his proportion with interest at the rate of ten per cent per annum, and the residue of the partnership property and securities to be equally divided.

On the 10th day of May 1854, a settlement took place between the members of the firm, and it was found that Lockwood and Williamson had advanced $1072,52 and Haycock had advanced some $423, over and above their share of the capital stock, and that Benifield was in arrears perhaps to that amount. Due bills were executed by the firm of B. A. Haycock & Co. for these respective sums to the parties to whom they were due; and they were to draw the interest agreed upon in the articles of co-partnership. That in February 1855, another settlement occurred, when a credit of $24,22 cents was put upon plaintiff's due bill of $1072,52. In June following this, a dissolution of the partnership took place by mutual consent. The complainant becoming the sole owner of this claim of $1072,54, commenced his suit in chancery against all the other members of the firm, in August 1855, to recover the same; and represents in addition to the above facts that the defendant Haycock, who was the managing member of the firm, had disposed of all the property of the firm, and that he had in his hands funds belonging to the firm sufficient to pay his claim, besides a large amount of notes which he held against one Scofield who had purchased the property.

The defendants Lockwood and Benifield never filed any answer to this petition. Some two years or more after the suit was commenced, Haycock did make his answer, but not materially changing the facts above specified, except to deny the plaintiff's claim. He does however set up some new matter in his answer which will be hereafter noticed. Upon this petition, Haycock's answer, and the deposition of Lockwood, the case below was tried, and a decree given to the plaintiff for the amount of his claim and interest.

In reviewing this case, counsel for the defense invite our attention, first, to the equity of the petition, claiming that the plaintiff by his own showing is not entitled to relief; that he makes the articles of co-partnership a part of his petition which show that due bills held by members of the firm

against the firm are not to be paid until all the liabilities of the firm to third persons are paid, and until a final settlement; that the bill does not allege that there are no liabilities, it does not allege a final settlement, it admits a dissolution of the partnership but does not ask the court to marshal the assets or make a final settlement between the members of the firm.

Ordinarily such facts would render a bill bad on demurrer, and it is conceded that the bill is incautiously drawn and not as full and explicit as it should have been. But there is one important feature in this case, disclosed both in the answer of the defendant Haycock and in the deposition of Lockwood, which the counsel for the defendant seems quite to overlook. It is this, that the firm of B. A. Haycock & Co. was dissolved by mutual consent, but that at that time this firm was only composed of Haycock and Lockwood; that some months before this, say in February, 1855, Haycock had purchased Benifield's entire interest and Lockwood had purchased Williamson's interest in the property of the firm. These changes in the members of the firm were made about the expiration of the three years, with the consent and knowledge, as we understand it, of all parties. The buying out of these two retiring members indicates the necessity of a settlement; hence we find in the deposition of Lockwood that an inventory of the stock and property of the firm, as well as a schedule of their liabilities, was made by the parties, including Mr. Haycock's, from the books; that he, Lockwood, had this inventory of the property and debts before him when he made his settlement with Williamson and when he bought him out. And it is to be presumed that Mr Haycock had a similar inventory before him when he purchased Benifield's interest.

Now, in buying out the interest of these two members, we cannot doubt that their part of the liabilities was deducted from their interest in the assets of the firm. This is the ordinary course pursued by business men, and if it was not

adopted in this case, for what purpose was a schedule of the debts before them at the time ? If we are correct in this conclusion, to which we have been compelled to arrive from the evidence and all the circumstances in the case, may we not ask, for what purpose, should such a bill be drawn as counsel for defendant contended?

Williamson, when this suit was commenced, was out of the firm. He had no interest in any of its assets, and so far as the defendants are concerned, was not liable for any of its debts. He held a single claim against the firm, which he had taken, as we inferentially conclude, in part payment of his interest in the partnership effects, which he seeks alone to recover of the firm. Lockwood testifies that it is justly due him. The sale of the mill property afterwards, the pro- 'ceeds of which were divided between Lockwood and Hay- cock, and the amount of which Mr. Haycock for some rea- son does not disclose in his answer. The amount of assets on hand and debts due at the time Williamson sold out, all go to show that it is quite impossible that the defendants can have any set off or claim to a deduction on the plaintiff's demand.

But it is said that Lockwood was not a competent witness, and his deposition should be excluded. We think not under our method of proceedure.

It is true the answer of one defendant in Chancery can not be used against his co-defendant. But Mr. Lockwood does not answer in this case. He is called by the adverse party to testify as in other cases. We know not why the plaintiff is not entitled as other parties litigant to the testimo- ny of one or all of his adversaries where they occupy the re- lation of partners. In this case the testimony of Lockwood bears the impress of truth and we are satisfied that the find- ing and judgment of the court below ought not to be dis- turbed.

Judgment affirmed.