WILLIAM M. POPE, Defendant in Error, *v.* WILLIAM SALSMAN, Plaintiff in Error.

1. *Petition—Judgment—Error.*—A judgment for a sum of money greater than that demanded in the petition is erroneous. (*Sed quære.* See R. C. 1855, p. 1280, § 12; Ashly v. Winston, 26 Mo. 210; Northcraft v. Martin, 28 Mo. 469.)

2. *Petition—Partnership.*—In a petition for an account between partners, the plaintiff must either state or pray for an account.

3. *Petition—Tenants in Common.*—In a petition by one tenant against his co-tenant for an account of the rents and profits, the plaintiff must allege what rents and profits have been taken by his co-tenant, or allege that he has received the rents and profits, and pray an accounting.

*Error to Camden Circuit Court.*

The amended petition was as follows: "The plaintiff in the above cause, by leave of the court first had and obtained, by way of amendment to his original petition, states, that heretofore, to wit: about the year 1854, being then the owner of the south-east quarter of the south-east quarter of section No. 26, in township No. 39, of range No. 15, and one Scott Strong being the owner of the north-east quarter of the south-east quarter of the above described section, township and range, they, the said Salsman and Strong, erected a mill and mill dam on the above described lands; the mill buildings being erected on the land of Salsman and the mill dam on both of the above described tracts, but mainly on the land of Strong. That it was the agreement of said Salsman and Strong that each should defray one-half of the necessary expense in the building of said mill and mill dam; and that when completed, they were to be joint owners and tenants in common of said mill. Plaintiff states that, in pursuance of said agreement, the parties thereto expended each a considerable sum of money in and about said work; but the precise sum this plaintiff cannot state. That afterwards, to wit, on or about the 1st day of May, 1856, plaintiff purchased of the said Scott Strong all his right, title and interest in said mill and mill dam; that Strong and wife have duly conveyed to plaintiff said north-east quarter of section 26, township 39, range 15, and that plaintiff is now the owner thereof. Plaintiff states that his purchase from Strong was made with the knowledge and assent of the defendant, and with the understanding between plaintiff and defendant that plaintiff would be accepted as a co-partner, and admitted to the joint use and occupancy of said mill with the defendant. Plaintiff states that the amount expended by said Strong in and about the building of said mill and mill dam was about the sum of seven hundred dollars, but the precise amount plaintiff does not know, and therefore cannot state.

" Plaintiff further states, that, from and ever since his pur-chase as aforesaid from said Strong, the defendant has been in the use and occupancy of the mill to the entire exclusion of plaintiff, and refuses to allow plaintiff to participate in the use of said mill, or to have any share of the rents and profits thereof. Plaintiff states that his interest in said mill is of the value of seven hundred dollars; that he has been, and is deprived thereof by the defendant; whereupon he says he is damaged, and has sustained damages in the sum of one hundred dollars, for which he asks judgment."

The defendant filed a demurrer, which being overruled, an answer was filed, and the cause was tried and judgment given for the plaintiff.

*J. L. Smith*, for plaintiff in error.

The demurrer was good and should have been sustained. The amended petition is bad. In the original petition it is averred that Strong and Salsman were tenants in common in the mill and dam, and that Pope by the purchase of Strong's interest was thereby a partner, or substituted to the relation of tenant in common with Salsman in the mill, &c., as Strong had been. The amended petition alleged a co-partnership between Pope and Salsman. The original peti-tion alleged a violation of Pope's rights as a tenant in com-mon in the mill by his co-tenant Salsman. The amended petition alleges a violation of a co-partnership agreement by Salsman. Tenants in common are such as hold by several distinct titles, but by unity of possession. (2 Black. Com. 191.)

Partnership is a voluntary contract between two or more competent persons to place their money, effects, labor and skill, or some or all of them in lawful business or commerce, with the understanding that there shall be a communion of profits thereof between the parties. (Sto. Part. § 2, and authorities there cited.)

The first cause of demurrer to the petition, that the amended petition displays a different cause of action from

the original, was a fatal objection thereto. The petition and amended petition, it is plain, set up different causes of action. A party cannot set up one cause of action, and then amend his pleading by setting up a different cause of action. (Martin v. Russell, 3 Scam. 342; Cartwright v. Chabiel, 3 Texas, 261; Wilcox v. Shuman, 2 R. I., 549; Thompson v. Philan, 2 Fost., N. H., 339; Stevenson v. Mudget, id. 338; Settle v. Morgan, 11 Fost. 499; Carpenter v. Gookin, 2 Vt. 495.)

The second cause of demurrer to the amended petition is likewise as fatal as the first, and furnished another reason why the demurrer should have been sustained. The amended petition alleges a co-partnership, and prays damages for being prevented from a participation in the use and enjoyment of the partnership property. This form of action cannot be maintained; one partner cannot sue another in this form of action. In this suit, it being a proceeding in law against a co-partner, the plaintiff to have maintained his action must have made himself a co-defendant of Salsman, as well as a plaintiff; and according to the rule of common law, in a suit against a partnership that could not be, for a party cannot sue himself alone or in connection with others. (Sto. Part. § 221; Col. Part. § 298, et seq.)

It is impossible to tell whether a partner is debtor or creditor of the firm until the partnership concerns are adjusted and ascertained, and this cannot be effected by an action at law, but equity must be resorted to. (Sto. Part. § 221, 222; Chew v. Garvin, 19 Maine, 211; Brackon v. Kenedy, 3 Scam., Ill.; 563; Murray v. Bogart, 14 Johns. 318.) No account at law can be taken between partners. (McMurry v. Rawson, 3 Hill, 59; Smith's Merc. L. 70; Peacock v. Peacock, 16 Ves. 49.)

DRYDEN, Judge, delivered the opinion of the court.

In this case the respondent recovered judgment for three hundred and thirty-six dollars and twenty-nine cents, whereas he demanded in his petition only one hundred dollars.

This was error apparent on the record, for which the judgment must be reversed. Furthermore, we think the amended petition on which the case was tried is clearly bad, in that it contains the statement of no cause of action; and not for the reason argued by the plaintiff in error, that the cause of action stated in it is a different one from that stated in the original petition. If the purpose of the proceeding be the settlement of partnership accounts between the parties, the amended petition is deficient not only in not showing the existence of a partnership, but in not containing any statement of the partnership account by the plaintiff, or in not asking a statement by the defendant.

Viewed as a proceeding by one tenant in common for an account of the rents and profits against his co-tenant, the petition is defective in not showing what the rents and profits were, nor that the defendant (plaintiff in error) had received any rents or profits. As the case must go back, we suggest to the respondent the propriety of further amending his petition on such terms as the Circuit Court may deem just, so as to state a cause of action, if any he has.

Let the judgment be reversed and the cause remanded. The other judges concur.