# Haynes v. Short.

*Bill in Equity for Settlement of Partnership Accounts.*

1. *Continuation of partnership after expiration of stipulated term.* When the business of a partnership is continued, by mutual consent, after the expiration of the term fixed by the original articles, it will be presumed to be so continued in accordance with all the other terms of the original agreement.

2. *Limitation of suit for settlement of partnership accounts.*—A bill in equity to compel a settlement of partnership accounts, or to recover a balance alleged to be due on settlement, may be filed within six years after the actual dissolution of the partnership, or credit or other like partnership transaction on account, from which a promise by defendant to pay the balance found due against him may be implied.

3. *Actions between partners; at law, and in equity* —One partner can not maintain an action at law against the other, nor can the administrator of a deceased partner maintain an action at law against the survivor, to recover an alleged balance due, until there has been a settlement of the partnership accounts, and a balance ascertained; and a bill in equity lies for this purpose.

4. *Averments of bill for settlement of partnership accounts.*—A bill in equity filed by the administrators of the deceased partner against the survivor, when there has been no settlement of the joint affairs, should pray a settlement of the whole partnership, and not merely relief as to one or more particular items; and to this end, it should state, at least approximately, the amount of the debts, or that there are no debts, the expenses, as nearly as practicable, the profits, what each has received, and what remains to be divided.

5. *Amendable defects in bill.*—On motion to dismiss for want of equity, amendable defects in the bill will be considered as amended; and on demurrer, amendable defects will not be considered, unless specially assigned as grounds of demurrer.

APPEAL from the Chancery Court of Clay.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 17th May, 1889, by J. W. Short and W. T. Short, as administrators of the estate of L. M. Burney, deceased, against W. D. Haynes; and sought, in effect, a settlement of the accounts of a partner-

ship, which had existed between the defendant and said Burney. The partnership was formed as of the 1st February, 1870, though the written articles were signed on the 18th March; and it was to continue until the 1st February, 1873. The partnership carried on a mercantile business; and the articles of partnership contained the following stipulations: "L. M. Burney promises and agrees to furnish for the use of said firm a cash capital of $3,000, more or less, to purchase the first stock of goods bought by said firm, and promises not to charge any interest on the same; but, after all the necessary expenses of the firm have been paid out of the funds of the firm, then he is to have one half of the net profits made and realized by the concern. And said W. D. Haynes agrees on his part to devote his individual attention and energies entirely to the business of the concern, and is to have for his services, after paying all legal and necessary expenses out of the funds of the firm, one half of the net profits made and realized by said firm." According to the allegations of the bill, Burney in fact furnished $3,500, and the business of the firm was continued, without change, "until about the year 1884, or 1885; and during all of this time, none of said capital of $3,500 was ever drawn out of the firm by said Burney, but all of this, and much if not all of the profits, remained in the firm until about 1884, or 1885, when, as orators are informed and believe, said firm was dissolved by mutual consent, but not settled, or, at least, only partially settled. There was no adjustment of the expenses of the firm, nor division of the profits; but said, Haynes, having in his hands and under his control all the assets of the firm, retained said $3,500 contributed by said Burney as the capital with which said firm commenced business, and refused to pay it to said Burney." Burney died in 1888, and letters of administration on his estate were granted to the complainants on the 9th July, 1888. On these facts, the bill prayed "that an account be taken to determine the amount put into said firm, or into the partnership business, by said L. M. Burney, and how much is still due him or his estate thereon;" that a decree be rendered against defendant, in favor of complainants as administrators, for the amount found to be due, with interest; and the general prayer was added.

The defendant moved to dismiss the bill for want of equity, and also filed a demurrer, assigning as grounds of demurrer, (1) that the complainant has an adequate remedy at law,

[Haynes v. Short.]

(2) the statute of limitations of six years, (3) the statute of limitations of three years, and (4) the staleness of the demand. The chancellor overruled the motion and the demurrer, and his decree is here assigned as error.

W. D. BULGER, for appellant, cited *McGehee v. Dougherty*, 10 Ala. 863; *McCall v. Oliver*, 3 Stew. 510; *Bumpass v. Webb*, 3 Stew. 19; *Scott v. Campbell*, 30 Ala. 728; *Grigsby v. Nance*, 3 Ala. 347; Parsons on Partnership, 268; *Espy v. Comer*, 76 Ala. 501; *James v. James*, 55 Ala. 532; *Morris v. Stevenson*, 69 Ala. 448; *Robinson v. Bullock*, 58 Ala. 618; *Wells v. Brown*, 83 Ala. 161.

W. M. LACKEY, and C. A. STEED, *contra*, cited *Pope v. Randolph*, 13 Ala. 214; *Morrow v. Riley*, 15 Ala. 710; *McPherson v. Robertson*, 82 Ala. 459; *Wells v. Brown*, 83 Ala. 161; *Newberry v. Harrell*, 6 Amer. St. Rep. 703; *Phillips v. Lockhart*, 1 Ala. 521.

McCLELLAN, J.—A mercantile partnership was formed as of February 1, 1870, by and between the appellant, defendant below, and appellees' intestate, L. M. Burney, to continue three years from that date. It did in fact continue until 1884, or 1885, when it was dissolved by mutual consent. The articles of copartnership stipulated, that Burney should furnish three thousand dollars, more or less, to be used in, and to constitute the capital of the business, and upon which no interest was to be charged. Haynes was to contribute his services, and devote his time and energies to the conduct of the business, as against the money furnished by Burney. They were to share equally in the net profits. Burney did furnish $3,500 in compliance with the articles, and the enterprise was carried on by Haynes until the dissolution before mentioned. The clear implication from the contract of copartnership is, that Burney should be reimbursed, on dissolution, for the capital which he had put in the business, and that the use of the money in the joint venture should be considered an equivalent for the personal services of Haynes. Dissolution not having taken place at the end of three years, the stipulation of the articles to that effect will be regarded as entirely omitted (*Boyd v. Mynatt*, 4 Ala. 79), and the partnership be held to have continued to the time of actual dissolution in accordance with the terms of the original agreement, pretermitting its expressed limitation.—Coll-

[Haynes v. Short.]

yer on Partnership, § 214; 1 Lindley on Partnership, p. 158 (*122); *Mifflin·v. Smith*, 17 Serg. & R. (Pa.) 165; *Robbins v. Luswell*, 17 Ill. 365. The partnership having thus continued until 1884, or 1885, a bill for its settlement is timely, if filed within six years from the actual dissolution, or credit or other like partnership transaction on account between the partners, from which a promise on the part of the defendant to pay the balance found against him on final settlement may be implied—*Bradford v. Spyker*, 32 Ala. 134; *Brewer v. Browne*, 68 Ala. 210; *Wells v. Brown*, 83 Ala. 161. It follows that the present bill is not open to the objections urged against it by the second, third, and fourth assignments of demurrer.

The first ground of demurrer was properly overruled. The bill, in our opinion, presents a cause of action which is only cognizable by a court of equity. It is true, that cause of action is very imperfectly presented, and the bill is lacking in many material allegations, as we shall presently see, but enough appears to demonstrate that the complainants have no adequate remedy at law. It is averred that the partnership has not been fully settled; that no adjustment of the expenses of the concern has been made; that the defendant has the assets of the partnership, including its capital paid in by Burney, and refuses to pay the same to complainants. The purpose of the bill is to have the amount of said capital, with interest from dissolution, decreed to complainants, out of the assets in defendant's hands. Unless there had been a settlement between the partners, and a balance struck, charging defendant with the sum now claimed, all of which the bill negatives, the complainants would have no right of action against defendant individually. On the contrary, their claim would be against the partnership assets, and a suit at law could not be maintained, because it would involve a proceeding by Burney, as represented by his administrators, against Burney, as represented by his surviving partner.—*Robinson v. Bullock*, 58 Ala. 618; *Morrow v. Riley*, 15 Ala. 710.

Moreover, the complainants are entitled to recover the sum paid in by their intestate, or any part thereof, only upon a contingency, which depends entirely upon the state of the partnership accounts. The debts of the concern, and expenses of carrying it on, are first to be paid. The assets remaining would then be subject to a further reduction, to the extent of any excess beyond one-half of the net profits re-

[Haynes v. Short.]

ceived by Burney. Whatever of the assets then remained, would be applied to the reimbursement of Burney for the money paid in by him, whether the amount remaining was equal to the whole capital with interest, or only a part of it. And finally, should there still be a balance, it would belong in equal parts to complainants and the defendant, as net profits. It is therefore a pre-requisite to complainants' recovery, that an account and settlement of the partnership should be had; and to the taking of such an account the powers of a court of equity are alone adequate.—*Calvert v. Marlow*, 6 Ala. 307; *Broda v. Greenwald*, 66 Ala. 538.

The bill, as we have said, is defective. It is faulty both in averment and prayer. It fails to state sufficiently facts which would authorize relief, and it fails to pray for the only relief which can be granted, when the purpose on the part of one partner is to bring the other to a settlement of the joint affairs. It fails to aver approximately the amount of the partnership debts, or that there are no debts. It should have averred the amount of the profits, and expenses of the business, as nearly as practicable, to what extent there had been a division of the profits, what each had received, and what remained to be divided. The relief sought is entirely inappropriate. The prayer should have been for the settlement of the whole partnership, not for a settlement of one item that entered into the partnership account.—*Russell v. Byran*, 2 Cal. 86; *Williamson v. Haycock*, 11 Iowa, 40; *Pope v. Salsman*, 35 Mo. 362; *Glover v. Hembree*, 82 Ala. 324.

There is no demurrer which goes to these several defects of the bill, or to any one of them. They may be cured by amendment, and the bill perfected. On a motion to dismiss for want of equity, the bill will be considered as if it had already been amended in all particulars in which amendments are proper. So viewed, this bill contains equity, and the motion to dismiss was properly denied.—*Seals v. Robinson*, 75 Ala. 363; *Hooper v. S. & M. R. R. Co.*, 69 Ala. 529; *Cahalan v. Moore*, 66 Ala. 303; *Glover v. Hembree, supra*.

We discover no error in the rulings of the chancellor, and the decree is affirmed.