[Costello v. Montague.]

# Costello v. Montague.

### Bill in Equity for an Accounting and Settlement of a Partnership.

1. *Accounting and settlement of a partnership; when a reference is properly decreed.*—A bill was filed for an accounting between partners, and a settlement of the partnership after dissolution. The averments of the bill were not as definite as good pleading required, and no objection was made to the bill on this account; but respondent, in his answer, alleged that the partnership matters were so conducted that it was impossible to state an account approximately correct. The only evidence on this question was the testimony of the parties themselves, which, in some respects was irreconcilable. *Held*, that a decree ordering a reference was not erroneous, since upon such reference other evidence might be introduced, and a decree of confirmation would not be refused if the evidence taken upon the reference clearly shows a balance in favor of one partner; although it was impossible to make an absolutely correct statement of the account.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed by W. H. Montague against C. H. Costello, and prayed for an accounting between the partners, and a settlement of a partnership, which had formerly existed between the complainant and the respondent.

The bill averred that W. H. Montague and C. H. Costello, in February, 1888, entered into a partnership for the purpose of carrying on a retail boot and shoe business in the city of Mobile; that the business continued until November 3d, when it was broken up by fire; that the firm debts had all been paid and the solvent accounts collected; and these facts were admitted by the defendant. It was shown that each partner was to get back what he put into the firm, and the balance was to be equally divided; that there was no partnership account kept, but each· of the partners drew out money as he needed it, and that neither objected to this; that the insurance companies had paid them about $15,000 for their loss, and that they realized about $10,000 from the

[Costello v. Montague.]

damaged goods, which were returned to them by the insurance companies. The bank account of the firm and many of the checks on such account subsequent to the fire were introduced. It was also admitted that there had never been any settlement of the partnership affairs. The defendant set up, as is stated in the opinion, that there had been an agreement between him and complainant that the partnership affairs should be considered as settled; and he also contended that there should be no decree of reference because the proof showed that no credit account could be stated.

On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered a reference to the register to state and settle the account of the partnership transactions between the complainant and the respondent. The respondent appeals from this decree, and assigns the same as error.

GREGORY L. & H. T. SMITH, for appellant.—When the partners have kept their accounts so loosely that justice can not be done between them, the courts will not undertake to adjust the matter of difference for them.—*Fitzsimmons v. Foley*, 45 N. W. Rep. 364; *Nims v. Nims*, 1 So. Rep. 531; *Maupin v. Daniel*, 3 Tenn. Chan. (Cooper.) 223; *Marvin v. Hampton*, 18 Fla. 131; *Vermilion v. Bailey*, 27 Ill. 230; *Dale v. Hogan*, 39 Mo. App. 646; *Langell v. Langell*, 20 Pac. Rep. 286; Pomeroy's Eq. Jur., § 1405 and note; 2 Bates on Partnership, § 909; 7 Amer. & Eng. Encyc. of Law, p. 127 note 5; *Haynes v. Short*, 88 Ala. 566, 7 So. Rep. 157; *Glover v. Hembree*, 82 Ala. 328, 8 So. Rep. 251.

FAITH & ERVIN, *contra*, cited Lindley on Partnership, 512.

COLEMAN, J.—The main purpose of the bill was to compel a settlement of the partnership of Wm. H. Montague & Co., a firm composed of Wm. H. Montague and C. H. Costello. It alleges the dissolution of the firm, that there are no debts unpaid, and that there has never been a settlement of the partnership affairs. At the hearing the chancellor ordered a reference to the register to state an account of the partnership transactions be-

[Costello v. Montague.]

tween the partners. This appeal was prosecuted from the decree ordering a reference. There was no demurrer to the bill, or objection for want of equity. The respondent Costello answered the bill, and in his answer, embodied a plea, to the effect, that, by mutual agreement, the parties between themselves had settled and closed the partnership matters. We agree with the chancellor that the evidence does not sustain the plea, and it is not insisted upon in argument. The real defense to the relief prayed is, that the partnership matters were so loosely and negligently conducted that it is impossible to state an account which will be approximately correct. On this point, no witnesses were examined except the parties themselves. In some respects their testimony is irreconcilable. But this condition of the evidence can not interfere with a proper determination of the disputed facts. There were certain presumptions of law, and rules as to burden of proof, which declare legal conclusions, in favor of the one or the other side, when the evidence is evenly balanced for and against a disputed fact. Cases have arisen where all the partners kept their accounts so loosely and confused that the courts refused to undertake to adjust their matters and to state an account between them, but it would require an extreme case to justify this conclusion in advance of an attempt to state the account. On a reference the register may receive other evidence than that before the court, when the reference is ordered, and a decree of confirmation will not be refused if the evidence should clearly show a balance in favor of one partner, because it was impossible to make a precisely accurate statement of accounts. 17 Amer. & Eng. Encyc. of Law, p. 1274.

The bill may not be as definite in its averments as good pleading requires, but it was not objected to on this account, and under the pleading and facts thus far disclosed in the record, there was no error in the decree ordering a reference.—*Glover v. Hembree*, 82 Ala. 324, 8 So. Rep. 251; *Haynes v. Short*, 88 Ala. 562, 7 So. Rep. 157.

Affirmed.