# Bell, Admr., v. Montgomery Light Co.

*Bill in Equity by Stockholder to have Charter of Corporation vacated, and for an Accounting.*

1. *Motion to dismiss bill for want of equity; when sustained.*—On a

[Bell, Admr., v. Montgomery Light Co.]

motion to dismiss a bill for want of equity, the facts averred in the bill must be taken as true, and the bill considered as if it had been amended in all particulars in which amendments would be proper; and the motion should be sustained only when, admitting all the facts apparent on the face of the bill, whether well or illy pleaded, the complainant would not be entitled to equitable relief.

2. *Equity jurisdiction; when value of stock owned by complainant sufficient.*—Where a stockholder in a corporation files his bill to redress alleged corporate wrongs, and avers that he owns stock of the nominal face value of $8, but that its real value is $100, a motion to dismiss the bill for want of equity admits the value of complainant's stock to be $100, as alleged, of which sum a court of chancery has jurisdiction; and the bill should not be dismissed because complainant's interest was not of a value sufficient for a court of equity to take jurisdiction.

3. *Right of stockholder to file bill against corporation; request of governing body* —A stockholder can not, as a general rule, maintain a bill against the corporation, of which he is a member, to remedy alleged corporate wrongs, without having first applied to the proper officers of the corporation for redress for his grievances, or for action in conformity with his wishes; but this request is not necessary or required when the corporate management is under the control of the parties committing the alleged wrongs, since it would then be useless and futile.

4. *Bill by stockholder against corporation; allegations of excuse for not seeking redress from governing body.*—Where a bill is filed by a stockholder against a corporation of which he is a member, to remedy alleged corporate wrongs, without first having applied to the governing body of said corporation for redress, and complainant excuses this failure on the ground that such request would have been useless and futile, the complainant must allege in said bill with particularity and definiteness the facts that excuse such demand or request.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed October 6, 1891, by Smith Cullom. Upon the death of the original complainant, the cause was revived in the name of P. H. Bell, as the administrator of his estate. The bill, as originally filed, was by a stockholder, and prayed to have the charter of the Montgomery Light Co. vacated and annulled, and to require Ignatius Pollak to account for money received by him on bonds or otherwise, which belonged to the company, and for other relief looking to the remedy of grievous wrongs, which were alleged in the bill to have been perpetrated by the said Pollak and his associates, against the company and its stockholders.

[Bell, Admr., v. Montgomery Light Co.]

The pleadings to the original bill are sufficiently stated in the opinion, as are also the other facts which are necessary for a full understanding of the decision of this court on the present appeal.

SUMTER LEA, J. M. CHILTON and THOS. H. CLARK, for appellant.—The smallness of the stockholder's interest will not prevent his instituting a suit to remedy the corporate wrong. The bill as amended averred the value of the complainant's stock was $100, and came within the jurisdiction of the court of chancery.—*Bulkley v. Iron Co.*, 77 Mo. 105; Cook on Stocks and Stockholders, § 635, and authorities cited in note 7.

On the submission of a chancery cause on motion to dismiss the bill for the want of equity, the court must consider all amendable defects as amended.—*Seals v. Robinson*, 75 Ala. 363; *Hooper v. S. & M. R. R. Co.*, 69 Ala. 529.

A stockholder, in order to maintain a suit to remedy corporate wrongs need not aver a request of the governing board of the corporation for redress, when the facts averred show that the alleged wrong-doers constitute the governing board of such corporation, and such request would be useless.—*Nathan v. Tompkins*, 82 Ala. 437; *Botts v. Simpsonville*, 10 S. W. Rep. 134; *Bliss v. Anderson*, 31 Ala. 621; *Hawes v. Oakland*, 104 U. S. 450; *Heath v. Erie R. Co.*, 8 Blatch. 347; *Mussina v. Goldthwaite*, 34 Tex. 125.

TOMPKINS & TROY, *contra*.—The bill, as amended, was entirely without equity. It alleges no facts which are sufficient to show that the appeal to the governing body would have been useless. To entitle a stockholder to file a bill, he should allege sufficient facts showing that a majority of the board are in a position where "interest antagonizes duty."—*Mack v. DeBardeleben*, 90 Ala. 396; *Roman v. Woolfolk*, 98 Ala. 219; *Planters' Line v. Waganer*, 71 Ala. 581; *Hawes v. Oakland*, 104 U. S. 450; *Steiner v. Parsons*, 13 So. Rep. 771.

HARALSON, J.—1. The defendant pleaded to the bill as originally filed, that the whole interest of the complainant in the suit did not equal twenty dollars, and this court had no jurisdiction of the case made by the bill;

that all the other stockholders in said company, and all persons interested therein other than complainant, had been cognizant of the change in the name of said company, of the increase of its capital stock and of the issuance of its bonds, and had made no objection to the said several acts, but, on the contrary, had endorsed, ratified and confirmed the same, and made no complaint thereof.

The record shows, also, that the defendant demurred to the bill on grounds questioning its equity, and moved to dismiss it for want of equity. At the April term, 1892, as appears, the cause was submitted on a motion to dismiss for want of equity, on the demurrer, and on the plea and its sufficiency, with an admission of the truth of the plea. The cause was held up, on such submission, for decree in vacation. The court rendered its decree, holding that there was no equity in the bill, and that the plea—on an admission of the complainant, that the facts stated in it were true—presented a good defense ; and upon consideration it was ordered, that the cause be dismissed, unless, during the term, an amendment, sufficient to give the bill equity, should be offered.

The complainant, accordingly, sought and amended his bill : *First,* by adding the averments, that the nominal or face value of the stock held by him was eight dollars, but that its actual value was one hundred dollars ; that notwithstanding the fraudulent acts and purposes of said Pollak in procuring said amendments to the charter of the Montgomery Gas Light Company, including its change of name, the act of the judge of probate in the matter was valid, and its validity was not questioned by the bill, specially so, as some of the bonds issued had passed into the hands of *bona fide* purchasers for value ; that the legal title to the property of the Electric Light Company passed under the purchase mentioned in the original bill, and the validity of said purchase was not questioned ; but that said Pollak, while controlling both companies, as alleged in the original bill, sold said property to the Montgomery Light Company, at a sum greatly in excess of its value. *Second,* by striking out the prayer for special relief, as found in the original bill, and inserting in lieu thereof, the prayer, that said Pollak be made to account for, and pay over, the proceeds of the sale of $125,000 of bonds sold by him and which belonged to

said company ; that a reference be ordered to ascertain the real value of the property sold by the Electric Light Company to the Montgomery Light Company, at the time of the sale ; that if it should appear that said Pollak, or said Montgomery Light Company, sold the same for more than it was worth, and that the trade was unfair, the said Pollak be required to turn over for cancellation (if he still owned the same) so much of said stock and bonds as should appear to be in excess of the true value of said property at the time of said sale, the proportion between the stock and bonds received by him being considered and observed in the matter of such cancellation, and, if it should appear that such stock and bonds have been sold, then, as to said excess, he be required to pay in money.

At the April term, 1893, of said chancery court, the bill as amended, was submitted on a motion to dismiss it for want of equity, and the court, holding that it was without equity, dismissed it. The complainant appeals from this decree dismissing the bill, and this is the only error assigned.

2. Complainant does not state in his bill what a share of the stock in the company is, but he does state, that he owns stock of the nominal face value of $8, but that its value is $100. The motion to dismiss the bill for the want of equity admitted this to be its value, and of this sum the chancery court has jurisdiction.—*Hall v. Cannte*, 22 Ala. 650 ; *Campbell v. Conner*, 78 Ala. 211.

3. The bill was filed by a stockholder against the corporation of which he is a member, to remedy an alleged corporate wrong, without first having applied to the directors or the stockholders of the corporation for redress of his grievances, or for action in conformity to his wishes. He excuses himself for not doing so, on the ground, that any such an attempt would have been useless and futile, for reasons disclosed in his bill. Unless he has presented a good excuse for not having preferred this request, his bill is without equity, and certainly liable to demurrer on that account.

We have so many times discussed the law governing cases of this character, and it is so well settled in this court, as to leave no necessity for its further consideration, except to make application of the well settled rules, to the cases as they may arise. It may be stated as the

settled rule, that this request by the stockholder of the governing body for a redress before he brings suit, is not necessary or required, when the corporate management is under the control of the guilty parties, for the reason, that they would not comply with the request, or if they did, the court would not allow them to conduct the litigation against themselves. But, the complainant is required, nevertheless, to allege with particularity and definiteness the facts which excuse such a demand or request to the directors. See *Steiner v. Parsons, ante,* p. 215 ; *Roman v. Woolfolk,* 98 Ala. 219, and the authorities cited in those cases ; Cook on Stocks & Stockholders, § 741.

If the facts stated in the bill are true—and on a motion to dismiss for want of equity, they must be so taken—frauds of the most grievous character have been committed by Pollak and his associate directors, which call for redress ; and it may be, that if tested by a demurrer, these allegations constituting complainant's excuse for not making request of the corporation, to remedy his alleged grievances, before bringing the suit himself for that purpose, would be held to be sufficient ; but this we need not decide, since, if not sufficient on a motion to dismiss for the want of equity, the lack of sufficiency of averment in this respect, will be regarded as an amendable defect.

It is well, in this connection, to call to mind our former rulings, holding, that under the rules of practice in this State, a motion to dismiss a bill for want of equity should prevail only, when, admitting all the facts apparent on the face of the bill, whether well or illy pleaded, the complainant can have no relief ; and that, if it appear, upon proper averments of facts and appropriate prayer, equitable relief may be obtained, which can not be had on the bill as framed, the motion to dismiss should be overruled and respondent put to his demurrer ; that the bill for the purposes of such a motion, will be considered, as if it had already been amended in all particulars in which amendments are proper.—*Hooper v. S. & M. R. R. Co.,* 69 Ala. 529 ; *Seals v. Robinson,* 75 Ala. 363 ; *Glover v. Hembree,* 82 Ala. 324 ; *Haynes v. Short,* 88 Ala. 562.

4. Whether the amendment allowed and made, was a departure from and inconsistent with the case as made by the original bill, as is contended, we will not stop to consider on this motion. A demurrer was the proper

means of reaching that vice, if it existed.    We can have reference, at this time, only to the bill as it is presented to us by the amendment, and, if it contains equity, or, by still further amendment it can be made to contain it, it is our duty to set aside the decree of the chancery court dismissing it, in order that defendant, if not satisfied with its present frame, may test the sufficiency of its averments, or any vice which it may be supposed to contain, by appropriate demurrer ; and that complainant may, in that event, have the opportunity of amending, as he may be advised.    The motion to dismiss for want of equity should have been denied.

Reversed and remanded.