## No. 13,460.

STATE EX REL. THEODORE COTONIO VS. JUDGE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS, SECTION "B."

### SYLLABUS.

1. Recorders in New Orleans are authorized to take judicial cognizance of the ordinances of the city, and, when they do so, such ordinances need not be offered in evidence for the purposes of prosecutions under them.

2.  But the recorders are not bound to take such notice, and in any case which is to be appealed, they ought, if so requested by the defendant, to require the prosecution to furnish a copy of the ordinance, to be used for the purpose of the appeal, and should send the same up with the record, since it is a hardship, which ought not to be imposed on the defendant, to furnish such copy, and equally a hardship that his appeal should be dismissed for want of it.

3.  It is, however, incumbent upon the defendant to make his request that the recorder require the prosecution to furnish a copy of the ordinance under which the sentence is imposed, and that he send it up as part of the record of appeal, and if no such request is made, and the appeal goes up without such ordinance, it will be properly dismissed by the appellate court.

ON APPLICATION for writs of *certiorari, mandamus* and prohibition.

---

*Theodore Cotonio,* Relator, *pro se.*

---

*Richard Peete* and *Joseph E. Generelly* for Respondent.

---

The opinion of the court was delivered by MONROE, J.

---

On rehearing by NICHOLLS, C. J.

---

MONROE, J. Relator alleges that he was charged, before the Sixth Recorder's Court of New Orleans, with violating a city ordinance, referred to in the affidavit as "C. O. 3387, C. S., relative to the cleaning of privy vaults;" that he filed certain exceptions and demurrers, which were overruled, and that he was sentenced to pay a fine of twenty-five dollars, or, in default of payment, to imprisonment for thirty days; that he appealed to the Criminal District Court, and that said tribunal has dismissed his appeal, and refuses to hear and determine the case "because of the failure of the recorder to attach to the transcript of appeal a copy of the city ordinance" that he is charged with having violated, which failure is attributed to him, although, under the law, as appellant, he has nothing to do with the preparation or filing of the transcript. He claims that this action amounts to a denial of justice and of his constitutional right of appeal, and he prays that the District Court be ordered to send up the record and proceedings; that said court, and the Sixth Recorder's Court, be prohibited from enforcing the sentence imposed upon him; that the judgment of the District Court,

dismissing the appeal be annulled; and that a *mandamus* issue, directing said court to reinstate the appeal, and to hear "and determine the issues, as presented by the record, and all proceedings had in said suit."

The respondent, Judge of the Criminal District Court, by way of return, and for cause why the writs prayed for should not issue, has forwarded the original record in the matter of "City of New Orleans vs. Theodore Cotonio," and has made answer in due form.

From this record and answer, taken together, it appears that, after the appeal had been lodged in the District Court, the defendant and appellant, upon March 10th, 1899, filed a motion to send the transcript back for correction, for the reason, as alleged, that, prior to sentence, he had moved for his discharge, on the ground that the City of New Orleans had failed to offer in evidence the ordinance under which he was prosecuted, and on the further ground, that the testimony did not show whether he was the occupant, owner, or agent of the premises mentioned in the affidavit, which motion and statement did not appear in the transcript, and had been inadvertently omitted. A motion was also filed, on behalf of the city (whether before or after the motion to correct does not appear), to dismiss the appeal, on the ground that the ordinance was not in the record; and both motions were disposed of at the same time—the opinion and decree reading as follows: "The city moves to dismiss this appeal, on the ground that the ordinance is not in the record. The correction of the record, as suggested by the defendant in his motion, can not avail him, since it would not make the ordinance a part of the record. The recorders take judicial cognizance of the municipal ordinances of the city. The motion to dismiss, in accordance with the former ruling of this court, must prevail," etc. Thereafter, upon application for rehearing, the court ordered the judgment thus rendered set aside, and the "cause remanded to the lower court to be corrected in accordance with the motion to correct transcript of appeal, filed herein, March 10, 1899, if the allegation contained therein be true."

But, the recorder returned the transcript with an answer in which he denied the truth of the allegation contained in the motion to correct, and insisted that the record showed all that had taken place in the trial before him. Thereafter, the matter was again remanded in order that testimony might be taken upon the issue thus presented; and testimony was taken, and the respondent reached the conclusion that it failed to

show that there was any error in the statement of the recorder; and he dismissed the appeal a second time.

In addition to the facts which thus appear, the respondent alleges, in his return, that cases appealed to the Criminal District Court, under Article 139 of the Constitution, are required to be tried "on the record and evidence as made and offered in the lower court;" that the District Court does not take judicial notice of the municipal ordinances, and hence, that the ordinance in question should have been offered in evidence, or annexed to the record, and that the dismissal of the appeal, because of its non-appearance therein, was in conformity to previous rulings of both divisions of said court, which rulings are well known to the profession. He further alleges that the recorders, upon the other hand, take judicial notice of the ordinances which they are called on to enforce, and that they are never filed in evidence in trials before them; that this practice has prevailed since time immemorial, and that if relator had any objection to urge, he should have urged it before the recorder, and thus have secured a record, made up in that court, upon which to predicate his claims upon the appeal. He further alleges that the judgment of the recorder "is presumed to be correct, that the burden is on the appellant to show that it is incorrect, and the' duty devolves upon him to bring up such a record, made up in the lower court, as will show its incorrectness;" and that "if he fails to do so, the fault is attributable to him." That "if it was the duty of the City of New Orleans to file the ordinance in evidence that point should have been contested in the lower court. The recorder should have been given an opportunity of ruling on the point, then the relator should have reserved his bill." In conclusion, respondent alleges that: "although, as a matter of law, the Criminal District Court does not take judicial notice of city ordinances, yet, as the recorders do, the judges of the former court simply require the ordinance to be in the record of appeal; whether offered in evidence or merely annexed by the parties. The practice now, is for the appellant to produce a copy of the ordinance, and the recorder, on his request, annexes it. Any other system would require the judges of the Criminal District Court to seek for ordinances at the City Hall, to determine appeals from the Recorder's Courts. This would not only impose difficulties and inconvenience on them, but would compel them to decide such cases, on matters *de hors* the record. The ordinance, when annexed to the record, should be submitted to both the appellant and appellee, or the recorder.

This would give an injured party an opportunity of assailing it, and if unassailed, the Criminal District Court presumes it to be authentic."

It may be further stated that the defendant excepted, or demurred, before the recorder—(1) To the jurisdiction of the court *ratione personae;* (2) That the affidavit is informal and defective; (3) That, even though a statement of the offense embraced within the ordinance referred to in the affidavit had been made, the ordinance is unreasonable, and *ultra vires;* (4) That it is not charged that the defendant is either owner, agent or occupant of the premises; (5) That if he is charged as agent, the ordinance is illegal and unconstitutional. The record, however, fails to establish the fact that he invoked any ruling of the recorder upon the question of the production of the ordinance or its inclusion in the record to be sent up to the appellate court.

## OPINION.

It appears from the foregoing statement of the case as presented, that the question, whether the ordinance under which the relator was prosecuted should be offered and filed on the trial before the recorder, or whether that official could properly take judicial cognizance of it; and the question as to the manner in which said ordinance should be presented to the appellate court in order to enable that tribunal to consider the relator's defenses, were not raised in the court of the first instance, and were, therefore, not brought up by the appeal. It further appears that the question presented by relator's motion, filed in the appellate court, for the correction of the record, related to the failure of the city to offer the ordinance in evidence, and not to the failure of the recorder to include said ordinance, which had not been offered, in the record sent up by him. And, finally, it appears, from the petition filed herein, that the complaint upon this point is, not that the relator asked that the ordinance should be annexed to the record, for the purposes of the appeal, but, that he had moved for his discharge, because said ordinance had not been offered in evidence, and that his motion had been omitted from said record; and this averment has been negatived, as we have seen, by the evidence taken on the traverse of the recorder's denial thereof.

It is well settled, however, that it is competent for a city court to take judicial notice of a city ordinance. And it is equally well settled that a court of general jurisdiction will not, ordinarily, take such notice. Dillon on Municipal Corporations (4th Ed.) Sec. 413; State

vs. Leiber, 11 Iowa, 40. It is also a well recognized principle of jurisprudence, that the presumption, in the appellate court, is in favor of the correctness of the judgment appealed from, and, whilst the plaintiff is bound to make out his case in the court of first instance, the appellant is bound, on the appeal, to show the error of which he complains.

"Every act of a court of competent jurisdiction shall be presumed to have been rightly done, until the contrary appears." Rice on Evidence, Vol. 1, p. 163.

"The appellant must present a record showing error so clearly as to overthrow every presumption of regularity. He must exclude every presumption in favor of the judgment, arising from omissions in the record, by including all the trial court proceedings, affecting the error alleged. No presumption or inference in favor of the appellant will be made." Enc. Pl. & Pr., Vol. 11, p. 294.

"The transcript should contain every statement, paper, and document on which the opinion of the court is to be pronounced." State vs. Daly, 64 Md. 314; Reisenthal vs. Walton, 66 Md. 470.

"The general presumption obtains in all legal proceedings that judicial tribunals and officials act according to law. On appeal, accordingly, from an inferior district tribunal, an appellate court will presume, in review, that it has complied with all the requirements of law, and that its determination rested on facts sufficient to sustain it. * * * The burden rests upon the appellant to rebut this presumption. He must show, clearly and affirmatively, from the record itself, facts constituting error in the proceedings below." Enc. of Pl. & Pr., Vol. 2, pp. 421, 423.

In view of these established propositions, it was to have been expected that the recorder would take judicial notice of the city ordinance under which the relator was prosecuted, and, hence, that it would not be offered in evidence, since one is not bound to prove that of which the court takes judicial notice. It was equally to have been expected, that, upon the appeal, the appellate court, being a State court of general jurisdiction, would not take judicial notice of said ordinance, but would, in its absence from the record, rather presume that the judgment appealed from, and predicated upon such ordinance, was correct.

Relator claims, however, that, whilst he was appellant, he was not responsible for the correctness of the record sent up by the recorder, but that, by express provision of law, the responsibility of preparing and filing such record devolved on that officer.

The law applicable to the subject, we apprehend, is as follows:

*Constitution, Article 139,* which confers upon the Criminal District Court appellate jurisdiction of all cases tried before the City Criminal Courts and Recorders' Courts, and provides that such cases shall be "appealable on the law and the facts, and shall be tried on the record, and the evidence as made and offered in the lower court."

*Act No. 123 of 1898,* organizing the Criminal District Courts, which provides, Section 13: "That in no case shall the appellant be responsible for any errors, omissions, or oversights, in the record of appeal. The chief clerk, or in his absence, the clerk designated by the judge, shall prepare the record, and shall be responsible for its errors, and omissions, or for any failure faithfully to discharge his duties in relation to it. Any dereliction in this respect shall be punishable as to ( ? ) a contempt, by the appellate court."

*Act No. 84 of 1898,* amending the city charter with regard to trials before the recorders, which provides that: "In all appealable cases, the testimony shall be taken down *verbatim,* but the stenographer's notes need not be written out unless an appeal is taken, in which case the testimony shall be written out and signed by the recorder, and by him forwarded with the record of (to) the appellate court. No appeal shall be allowed, except when taken on the day of sentence; and in appeals, the procedure shall be, as nearly as possible, the same as in cases of appeals from the City Criminal Courts."

It will be seen from this that the relator's case was to be tried in the appellate court upon "the record and evidence as made and offered in the lower court." And that it was the duty of the recorder, in case of appeal, to sign the testimony taken before him, and forward the same, with the record, to said appellate court. And it appears that the recorder discharged this duty. The relator's trouble arises from the fact that the ordinance under which he was prosecuted was never offered in evidence, and formed no part of the record, and, hence, was not sent up by the recorder. And all that the recorder did having been within his authority, there seems to be nothing that the appellate court could require him to correct. The case was remanded to enable the relator to have it appear that he had raised the question that the city had not offered the ordinance in evidence. But it could have done him no good to have established that fact, because the recorder was authorized to take judicial notice of the ordinance, and the city was therefore under no obligation to offer it. The relator, however, although afforded an

opportunity to traverse the recorder's statement upon the subject, failed to show that he had raised even that question; and he made no attempt to show, nor does he claim now, that he requested the recorder to annex the ordinance to the record of appeal.

The record, therefore, went up properly, so far as the recorder was concerned, without the ordinance, and, the appellate court, declining to take judicial notice of it, dismissed the appeal. This ruling was in accord with the practice of said court, as we are informed by the return, in which it is said that the precedent was established in 1898, shortly after the adoption of the Constitution, and has been adhered to since that time, and is well known to the profession. It may also be said to find support in the jurisprudence of this court, since appeals arising in cases under municipal ordinances have frequently been dismissed because of the absence of the ordinances from the transcripts. Hassard vs. Municipality No. 2, 7 Ann. 496; City vs. Boudre, 14 Ann. 303; City vs. Hill, 32 Ann. 1161; City vs. Labatt, 32 Ann. 107; State vs. Tsni Ho, 37 Ann. 50; State vs. Clesi, 44 Ann. 85; State vs. Callac, 45 Ann. 30.

It may be remarked, however, in regard to the cases thus cited, and others, perhaps, which might be cited, that it was not made to appear that the ordinances were missing from the transcripts because the recorders had taken judicial notice of them, or that the appellants had made any efforts, in the trial courts, to have them included in the transcripts of appeal. Otherwise, the rulings might possibly have been different, at least to the extent of giving the appellants the opportunity of correcting, or supplementing, such transcripts, and of being heard upon the merits of their cases.

It is true, as we have stated, that the recorders *may* take judicial notice of municipal ordinances, but they are not obliged to do so, and when, in a given case, by so doing, they subject the defendant, who is prosecuted before them, to the hardship of being compelled, himself, to furnish so important a factor in his conviction, in order that he may obtain a hearing upon his appeal, the custom of taking such judicial notice should be rather honored in the breach than in the observance, or followed with a certain moderation. In speaking of the latitude which courts allow themselves in matters of this kind, Mr. Stephens says:

"No evidence of any fact of which the court will take judicial notice need be given by the party alleging its existence, but the judge, upon being called upon to take judicial notice thereof, may, if he is unac-

quainted with such fact, refer to any person, or to any document or book of reference for his satisfaction, in relation thereof, or. may refuse to take judicial notice thereof, unless, and until, the party calling upon him to take such notice, produces such document, or book of reference." Stephens' Digest of Evidence, Article 59.

If, then, ignorance of a fact of which he is authorized to take judicial notice entitles a judge to refuse to take such notice, unless, and until, the party calling on him to do so, furnishes evidence of such fact, we think the circumstances of the case here presented would equally entitle him to pursue that course, since a defendant ought not to be obliged to furnish to the court the ordinance under which he is prosecuted, nor yet have his appeal dismissed because he has not furnished it, and because the appellate court refuses to take judicial cognizance of it. It has been held in some jurisdictions that "where a conviction is had for a violation of a city ordinance, and an appeal taken to the District Court, the ordinance of the city need not be introduced in evidence. The District Court should take judicial notice of it," etc. Downing vs. Miltonville, 36 Kansas, 740.

We are of opinion, however, that the needed relief, in this class of cases, should be found in a change in the practice of the recorders, and that in a case which is to be appealed, the recorder should, if so requested by the defendant, require those who are conducting the prosecution, to furnish, for the purposes of the appeal, a copy of the ordinance relied on, and should send the same up, as part of the record of appeal, though he need not allow the business of his court to be obstructed by requiring such copy for any other purpose, and may, for all other purposes, take judicial cognizance of such ordinance.

Upon the other hand, when, as in this case, the appellant has made absolutely no effort in the trial court to have the ordinance under which he has been prosecuted produced in the trial court, or sent up to the appellate court, and the proceedings of both courts are perfectly regular, we find ourselves unable to grant relief. The recorder committed no error, under the circumstances, in sending up the record without the ordinance in question, since he had taken judicial notice of it, as it was competent for him to do, and it had not, therefore, been offered in evidence, and the defendant in the case made no demand that it be produced for the purposes of an appeal. Nor was any error committed by the District Court in dismissing the appeal, since it could not have proceeded to decide the case on the merits, without the ordinance, which

was not in the record, and of which it was not bound to take cognizance.

It is therefore ordered, adjudged, and decreed that the preliminary order issued herein be rescinded, and that the demand of the relator be rejected, and this proceeding dismissed, at his cost.

## ON REHEARING.

NICHOLLS, C. J. Relator, charged with having violated an ordinance of the city of New Orleans, was tried before one of the recorders, found guilty and sentenced. He appealed to the Criminal District Court for the parish of Orleans. That court dismissed the appeal, upon a motion to dismiss, filed on behalf of the city. The ground upon which the appeal was dismissed was that appellant had not offered in the recorder's court, and brought up in the record, a copy of the ordinance, for whose violation he was sentenced. The present application was then made to this court for relief, relator alleging that the District Court should not have dismissed his appeal. In the opinion rendered herein we declared that he was not entitled to relief under the circumstances of this case. Upon his application, we granted a rehearing, not because we thought the District Court would have erred in its ruling, as it did, had the case gone to trial before it, but to ascertain whether it had not erred in dismissing the appeal *in limine,* instead of waiting to do so (for want of proper evidence) until after submission. That course would have been the proper one to have been pursued. The record, as brought up, was an exact transcript of the proceedings below. There was, therefore, no fault to be found with the transcript merely as such. The weakness of appellant's position before the District Court was not in bringing up an imperfect transcript, but that he had failed to introduce in evidence a copy of the ordinance which he was alleged to have violated, in consequence of which the appellate court was not in a position to pass upon the various grounds for reversal which he had set up. That fact, however, was ascertainable only after the case should have been considered upon the merits. The city of New Orleans and the District Court were, therefore, premature in dismissing the appeal *in limine,* but it is apparent to us that relator's appeal would ultimately have been dismissed, and properly dismissed, after a trial. Had relator pressed before us on this rehearing the point of practice we have referred to, we probably would have sent the case back for trial on the merits, even though it was apparent that relator would, practically, have derived no benefit therefrom. Relator has, however, confined himself

in this application to insisting that he would be entitled, upon a trial on the merits in the District Court, to have the sentence of the recorder set aside. We see no reason to change our opinion, considering relator's application for rehearing from that standpoint.

For the reasons assigned, the judgment of this court, heretofore pronounced, must, and it is, hereby declared to remain unaltered.